[Civ. No. 21331.   Second Dist., Div. Two.   Apr. 16, 1956.]

BEULAH GLADYS KAPPLE, Respondent, v. NEIL DOW
KAPPLE, Appellant.

Albert S. Friedlander for Appellant.

Claude L. Welch for Respondent.

ASHBURN, J.—Defendant appeals from an order denying
a motion to vacate his default and the interlocutory decree
of divorce entered thereon in favor of the plaintiff wife.

Appellant complains principally of the award of the real property to the wife. The affidavits upon the motion are in conflict and appellant's counsel devotes himself to an argument as to the effect of that evidence.

It is of course presumed that the trial court resolved any conflicts in favor of the prevailing party (*Warren* v. *Warren,* 120 Cal.App.2d 396, 400 [261 P.2d 309]; *Baratti* v. *Baratti,* 109 Cal.App.2d 917, 922 [242 P.2d 22]), and the order will not be set aside in the face of such conflict and the ruling thereon. (*Warren* v. *Warren, supra*; *Elms* v. *Elms,* 72 Cal.App.2d 508, 513 [164 P.2d 936].)

Viewing the evidence in the light most favorable to respondent it appears that plaintiff, after 29 years of marriage to defendant, had been talking about a divorce for a year and a half before the instant action was filed in November, 1954. In the spring of 1953 her attorney, Mr. Claude L. Welch, had prepared a complaint and discussed it with defendant who said he had mistreated his wife but would do so no more, that he wanted to effect a reconciliation and if he could not do so he would not contest the suit. Before the present complaint was filed defendant had been convicted of felony drunk driving, and had served a year in jail; on his release he sought a reconciliation and plaintiff decided to give him a "chance to make good." But in October, 1954, plaintiff advised her attorney that it was impossible for her to continue the marriage and instructed him to proceed with a divorce action; this was done on November 5, 1954, and defendant was served on that date with summons, complaint and order to show cause. The order related, of course, to support money, attorney fees, etc. It was returnable on November 15th. A few days before the return date, defendant told Mr. Welch he believed he could patch up everything with plaintiff if he had a little time; he asked for 60 more days, and that the hearing on the order to show cause not proceed. Mr. Welch telephoned plaintiff who said she would be willing to have the hearing continued if it would not prejudice any of her rights, but that she was leaving the entire matter to the attorney. Defendant then told him if he could have 60 days he would ask nothing more, and that if he could not convince plaintiff that he had reformed he would give her everything and ask for no part of the property for himself, as he knew he had given her good grounds for divorce; he was emphatic in his determination to make good or to give plaintiff everything. On November 15, 1954, Mr. Welch and defendant appeared

in court; Welch made a motion for continuance which defendant approved, and the order to show cause was continued to January 17, 1955. The Welch affidavit says "that affiant fully advised defendant of the nature of what had been done and that it referred only to the attorneys fees, alimony, etc., and had nothing to do with the trial, but that nothing would be done about setting the case for trial until after January 17, 1955; that defendant expressed his thanks and appreciation and assured affiant that he would make good with plaintiff." Before the new hearing date arrived, and on December 14, 1954, defendant was back in jail for driving an automobile without a license. There he stayed until after judgment was entered. That occurred on February 21, 1955, and defendant was still incarcerated when he made his affidavit in support of the motion to vacate on March 22, 1955. The court at the hearing of February 21st found that the real property stood of record in the joint names of the parties but was community property and it awarded same in its entirety to the plaintiff.

Defendant moved seasonably after learning of the judgment and its provisions; he alleged in his supporting affidavit that upon being served with the papers on November 5, 1954, he and his wife fully discussed the action and "it was agreed between them that the divorce proceedings be completely suspended for a period of sixty days, during which time they would attempt to effect a reconciliation, or in the absence thereof, a property settlement agreement between them." The affidavit also says that a few days prior to January 17th defendant wrote from the county jail to Judge Doyle, advising that he would be unable to appear on the 17th, and within a few days he received a reply "advising that the matter had been placed off calendar and that in the event that it was again placed on calendar he would be served with new process." The letter was not attached to the affidavit nor was any copy supplied. What "the matter" was that the judge referred to does not appear, but presumably it was the order to show cause, the only matter before him. Again defendant says that he was never represented by counsel, "it being his understanding and impression from conversations with his wife and his wife's attorney that if no reconciliation could be effected then a property settlement agreement between affiant and his wife would be entered into before his wife would proceed further with her divorce proceedings and further, that if affiant and his wife could not

enter into a mutually satisfactory property settlement agreement then in that case, affiant would be given time and an opportunity, after notice, to take steps to protect his interests in the community property by retaining an attorney of his choice to take whatever legal steps where necessary for affiant in the matter.'' Defendant's ''understanding and impression'' falls far short of the clear factual showing necessary to the successful presentation of such a motion. Having been convicted of a felony he stood impeached and his testimony could be rejected on that ground as well as others. Both Mr. Welch and Mrs. Kapple refuted these allegations, and their versions must be accepted upon appeal. The attorney said that when he and plaintiff continued the order to show cause to January 17, 1955, ''affiant fully advised defendant of the nature of what had been done and that it referred only to the attorneys fees, alimony, etc, and had nothing to do with the trial, but that nothing would be done about setting the case for trial until after January 17, 1955''; also, ''[t]hat at no time did affiant tell defendant or lead him to believe that upon failure of a reconciliation by January 17, 1955, that a property settlement agreement would be worked out before a trial or that defendant would be given any additional time to make a defense; that the only property settlement agreement which defendant mentioned following the service of the Summons and Complaint upon him was that of his letting plaintiff have all of the property.'' The plaintiff averred: ''That defendant requested affiant not to proceed with that hearing on that date as he wanted to convince her that he had really reformed and would treat her right, and that if she would give him just sixty days he would either convince her or he would give her all the property, as he knew he was in the wrong; that affiant referred him to her attorney, Claude L. Welch''; that plaintiff did consent to wait 60 days and instructed her attorney to do so; that the hearing was continued to January 17, 1955; ''that repeatedly thereafter defendant re-iterated the same determination; that he stated that unless he could win her back that he did not want to even contest the divorce action.'' Again, ''[t]hat it is not true that affiant represented to defendant that if no reconciliation could be effected by January 17, 1955, that no further proceedings would be had until a property settlement agreement had been worked out or, failing such, that defendant would be given an opportunity to protect any of his rights.'' The fact that defendant had no attorney is no substitute for the necessary statutory show-

ing. (*Couser* v. *Couser,* 125 Cal.App.2d 475, 477 [270 P.2d 496].)

Upon this record it must be presumed that the trial judge resolved all the issues against appellant. That left him without any substantial showing of that mistake, inadvertence or excusable neglect which is essential to a successful motion under section 473, Code of Civil Procedure. There was no abuse of discretion here.

Order affirmed

Moore, P. J., and Fox, J., concurred.