430 P.2d 710

**Gerald J. BLECH, Appellant,**

**v.**

**Marjorie N. BLECH, Appellee.**

**No. I CA–CIV 514.**

Court of Appeals of Arizona.

July 27, 1967.

W. Roy Tribble, Chandler, for appellant.

Tupper, Skeens, Rapp & Morris, by Max Valentine, Phoenix, for appellee.

DONOFRIO, Judge.

This is an appeal by the defendant, Gerald J. Blech, from a judgment of the trial court in a separate maintenance action brought by the plaintiff, Marjorie N. Blech, in which the Court awarded custody of the minor children to plaintiff, made provisions for their support and ordered that certain payments be made by defendant on arrearages of child support and medical expenses, and for attorney's fees.

Appellant-defendant has perfected the appeal and has filed his opening brief. Appellee-plaintiff has failed after due notice to file her answering brief and we have ordered the matter submitted in accordance with Rule 7(a) (2), Rules of the Supreme Court, 17 A.R.S., which states:

"If the appellee does not file an answering brief within the time prescribed by these Rules or within such additional time as allowed by the court * * * the appeal may be submitted for decision on the motion of appellant upon notice to appellee, or on the court's own motion."

We are mindful of the well established authority in this state that an appellee's failure to file an answering brief where there are debatable issues constitutes a confession of reversible error. Nevertheless, we have held that we do not read Rule 7(a) (2), supra, or the cases cited thereunder as making it mandatory that we reverse when the appellee fails to file a brief. Hoffman v. Hoffman, 4 Ariz.App. 83, 417 P.2d 717 (1966). Equally applicable to the instant case is the following language found in *Hoffman*:

"* * * We do not read Rule 7(a) [2], Rules of the Supreme Court as making it mandatory that we reverse when the appellee fails to file a brief. This is particularly so when as here, the persons most interested in the proceedings (the two minor girls) are not individually represented in the action. We do not know why the mother failed to file an answering brief, be it neglect, financial inability or otherwise, but to reverse the decision of the trial court concerning the custody and well being of two minor children because their mother failed or was unable to file an answering brief would not, we believe, serve the ends of justice and we do not believe that Rule 7(a) [2], Rules of the Supreme Court, 17 A.R.S., or the decisions of the Arizona Supreme Court require that we do so."

We shall consider the merits of this appeal and chronologically set forth the pertinent facts.

Plaintiff and defendant were married in Chicago in 1959. On May 6, 1963 plaintiff filed in the Superior Court of Maricopa County her complaint for separate maintenance, praying for a restraining order against defendant, custody of the minor child, support for herself and the minor child, and for attorney's fees. At that time both parties and their child were in Arizona. Defendant made an appearance and filed an answer on May 9. On May 13 defendant was ordered on stipulation to pay $50 a month for child support. On June 21 a second child was born to plaintiff and defendant in Arizona. After the birth of this child plaintiff with her two children returned to Illinois to live, defendant having deserted them.

On May 19, 1964 plaintiff's separate maintenance action was by minute entry ordered placed on the inactive calendar for dismissal without further notice since certificate of readiness had not been filed or judgment taken.

On December 7, 1964 plaintiff obtained a decree of divorce, based on substituted service by publication, in the Circuit Court of

Cook County, Illinois. In this action, care, control, custody and education of the minor child was awarded to the plaintiff. The same decree ordered child support, alimony and attorney's fees to be paid by the defendant, but reserved the determination of the amounts until the Court had personal jurisdiction over the defendant.

On November 19, 1965 the instant matter was permanently assigned to Hon. Kenneth C. Chatwin for pretrial and trial. On January 5, 1966 a pretrial conference was held, showing appearances of counsel for both sides and a pretrial order was entered. Pursuant to stipulation the Court set the cause for trial and fixed a trial date.

On February 11, 1966 the defendant filed a motion to dismiss the complaint, urging the Illinois decree as a bar to the action. The plaintiff filed objections in response. On February 24 counsel for both sides appeared and argued, and defendant's motion to dismiss was denied, with a new trial date being set. On May 13 the cause was tried before the Court, the plaintiff being present and both parties represented by counsel. At the conclusion, the Court made its order which was reduced to a written judgment on June 17, 1966. The order was limited to certain matters. It continued custody of the children in the plaintiff, with reasonable visitorial rights to defendant, and found the arrearages for child support. It also fixed the support payments and attorney's fees and how these were to be paid. It further ordered payment of certain medical expenses for the children and set forth how the arrearages were to be paid.

■ The first question raised by appellant is that the Court lacked jurisdiction to enter the judgment by reason of the fact that the order of May 19, 1964, placing the case on the inactive calendar, resulted in a dismissal of the cause on July 23, 1964 under Rule V, (d) and (e) of Uniform Rules of Practice of the Superior Court.

The order of May 19 was pursuant to Rule V, (d) and (e), supra. There was no dismissal order in writing and appellant is relying solely on the contention that the rule is self-executing.

This question is answered by the case of Campbell v. Deddens, 93 Ariz. 247, 379 P.2d 963 (1963) which holds that the rule is not self-executing and requires a dismissal order in writing. In the absence of the written order, the instant case remained on the inactive list, and when the later pretrial orders and hearings took place the action again became active.

The second question raised is that the Court lacked jurisdiction in that appellee had a final decree of divorce in Illinois (Dec. 22, 1964) prior to the hearing and judgment herein. The Illinois decree had been obtained on substituted service, and although it had provided that appellant be responsible for the support of the children, it reserved the right to fix the amount until it had acquired personal jurisdiction over him.

The question presented is whether the Illinois decree, which purports to determine custody and support of the children and reserving the fixing of support payments, is a bar to the instant action under the full faith and credit clause of the Constitution, U.S.Const. Art. 4, § 1.

■ The Illinois court had jurisdiction to determine the in rem marital status of the parties, and since the children were before the Court, it also had the right to determine their custody. However, we would hold the Court was powerless to fix support payments to be paid by defendant without having first obtained jurisdiction by personal service. Any reference to support payments would be meaningless to confer jurisdiction. Inasmuch as this provision of the Illinois decree, having been rendered on substituted service, is nugatory, full faith and credit cannot be given to it. It has long been the constitutional rule that a court cannot adjudicate a personal obligation unless it has jurisdiction over the person of the defendant. White v. White, 83 Ariz. 305, 320 P.2d 702 (1958).

The present separate maintenance action was instituted by the wife while she and their child were in Arizona. The defendant, who also was an inhabitant of this state, was served and made a personal appearance. The fact that plaintiff was pregnant with their other child was alleged and admitted in the pleadings. Although the defendant may have thereafter deserted the family, this act did not divest the Court of jurisdiction to proceed and grant the in personam judgment which is limited to matters not covered in the Illinois decree.

Affirmed.

CAMERON, C. J., and STEVENS, J., concur.