433 P.2d 307

Daniel Webster **COUNTERMAN, Jr.,**
Appellant,

v.

Linda **COUNTERMAN,** Appellee.

No. 1 CA–CIV 550.

Court of Appeals of Arizona.

Nov. 10, 1967.

Rehearing Denied Dec. 14, 1967.

Review Denied Jan. 23, 1968.

---

Lewis, Roca, Scoville, Beauchamp & Linton, by Paul G. Ulrich and John P. Frank, Phoenix, for appellant.

No appearance for appellee.

CAMERON, Chief Judge.

This is an appeal by the defendant-husband in a divorce action from two orders of the Superior Court of Maricopa County denying his motions to set aside default and judgment. We are called upon to determine whether the facts appearing in the file sustain appellant's contention that the trial court abused its discretion in denying the motions to set aside default and judgment, and whether the failure of the court to provide a court reporter at the hearing on his motion is fundamental error.

The factual summary in the brief and in this opinion are drawn from the Superior Court records now on file with this Court, and the record in Cause Number 1 CA–CIV 493 which was dismissed without prejudice for the failure of the defendant to comply with procedural rules in perfecting his appeal.

The complaint of the plaintiff-wife filed 11 June 1965 alleges in part that the plaintiff and defendant were married on 5 September 1964, that there were no children born the issue of their marriage, or no community property belonging to the parties thereto. The complaint alleges cruel treatment, excesses, and outrages and asks for an absolute divorce and restoration of her maiden name. The file shows that the summons and complaint were served upon the defendant, Daniel W. Counterman, in person at the Maricopa County Jail on 14 June 1965. The file indicates that he was in jail after being charged with assault with a deadly weapon on the wife's mother, defendant's mother-in-law, which allegedly occurred after a domestic squabble. The criminal action was previously before this Court and the judgment affirmed. See State v. Counterman, 3 Ariz.App. 244, 413 P.2d 575 (1966).

■ After service in the Maricopa County Jail 14 June 1965, the defendant, who was represented by other counsel in the criminal charge, discussed the matter with an attorney who advised him regarding the divorce action. Default was entered and the decree of divorce signed 13 July 1965. On 23 September 1965 the defendant attempted to file an answer "in propria persona", one of the allegations stating:

"Plaintiff (sic) has written and verbal proof that defendant (sic) has brought this action because of third party interference and that a divorce is not the defendant's (sic) free will and choice."

This was followed by several letters to the Court Commissioner asking for assistance and the possibility of legal aid. The Court Commissioner discussed the matter with the attorney who had discussed the case with the defendant at the time he was served with the summons and complaint. The attorney filed a letter dated 14 August 1965 with the court which read in part as follows:

"Counterman was advised that I could not discuss any of the aspects of the aggravated assault with him except as those facts related to the complaint for divorce. I also advised Counterman that he must file, with his answer to the divorce, a fee of $10.00 to the Maricopa County Superior Court. I also explained that his wife obviously had a good basis for her complaint and, under the circumstances, there was no way he could prevent her from obtaining a divorce except to dissuade her from proceeding. I further explained he could do nothing while a prisoner."

And:

"I have talked to Counterman on two occasions since my first visit. He explained that he understood that I had agreed to represent him. I cannot agree that this was the agreement which we had, but I can understand how he might have received that impression, especially in his present physical and mental state. I have, therefore, explained to him that I will not represent him in any capacity; nor have I promised to do anything else for him, except that if he is released at some time in the near future, I will be happy to explain the circumstances as a witness for him if he seeks to set aside the default judgment which has been entered against him."

On 4 October 1965 a hearing was held on the husband's motion to set aside default and judgment. The husband was not represented by counsel at the hearing. The wife was present and represented by counsel who resisted the motion. The court by minute entry order denied the defendant's motion to set aside judgment. No court reporter was present at that hearing nor was one requested by either party. The affidavit of the husband filed in this Court alleges that he had only 15 minutes' notice of the hearing when he was taken from his cell in Maricopa County Jail to the hearing:

"* * * Affiant had in his personal effects a letter from Linda Counterman that he intended to use in support of his motion but was unable to obtain it before hearing. Affiant informed Judge McFate that he was unprepared because he did not have any papers with him. The judge did not comment on this statement. * * * The plaintiff did not testify and affiant was not given an opportunity to examine her. He could not effectively examine her without producing her letter, which he was not allowed to do.

"Judge McFate then stated that affiant had no evidence to back up his claim and for that reason he had no choice but to deny the motion to set aside the default judgment.

"Affiant had no opportunity to arrange to have a court reporter present at the hearing of October 4, 1965. He did not at that time realize that a reporter's transcript might later be necessary. Judge McFate did not ask whether he wanted to have a court reporter present, or whether he waived this right."

The defendant moved again to set aside default and hearing was held 3 January 1966.

The minute entry order reads in part as follows:

"* * * The Court has reviewed the motion in this cause and finds that the same is totally defective in that the defendant has not shown that he has any basis for a defense to the Complaint, therefore for the reasons above set forth,

"IT IS ORDERED that the motion of the defendant to set aside default judgment is denied."

Defendant attempted to appeal from both orders but the appeals were premature, and the matter in Cause Number 1 CA–CIV 493 was remanded without prejudice. Formal written judgments were procured, and counsel was obtained to represent the defendant. Counsel has filed an extensive and well presented brief on appeal. Counsel for the wife withdrew, and she did not file answering briefs in the matter. Our Supreme Court has stated that where there are debatable issues and the appellee fails to file an answering brief, such failure is a confession of error. However, we do not read the cases and Rule 7(a) [2], Rules of the Supreme Court, 17 A.R.S., as making such action mandatory. Hoffman v. Hoffman, 4 Ariz.App. 83, 417 P.2d 717 (1966).

■ The Rules of Civil Procedure provide as follows:

"SETTING ASIDE DEFAULT. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60 (c)." Rule 55(c), Rules of Civil Procedure, 16 A.R.S.

Rule 60(c) reads as follows:

"*Mistakes; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc.* On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (6) any other reason justifying relief from the operation of the judgment. * * *." Rule 60(c), Rules of Civil Procedure, 16 A.R.S.

And our Supreme Court has stated:

"Defendant contends defaults are not favored under the law since they do not result in a determination of the merits of the claim. This we have said many times. Furthermore there is no question but that our statutes providing for vacation of judgments for excusable neglect are applicable to judgments in divorce proceedings. (citations omitted) The question here is whether the defendant's failure to appear was truly the result of 'mistake, inadvertence, surprise, or excusable neglect'.

* * * * * *

"We have held that the failure to appear because of hopes that the action would be dismissed without its being heard, or that the defendant thought he would be notified of the time of trial, are not excusable neglect. Bryant v. Bryant, 40 Ariz. 519, 14 P.2d 712, 713. We there also reiterated the elements necessary to warrant setting aside a default, viz.: (1) failure to answer arose from excusable neglect; and (2) there was a meritorious defense. 'Either alone is insufficient to compel the trial judge to set aside the default.'

"* * * Unless the undisputed evidence shows excusable neglect as a matter of law, the question of whether there has been a sufficient showing as a ground for setting aside a default judgment is a matter within the sound judicial discretion of the trial court. (citations omitted) We see no abuse of this discretion in the instant case." Damiano v. Damiano, 83 Ariz. 366, 368, 369; 321 P.2d 1027, 1029 (1958).

It would appear then that the law in Arizona is clear that in order to set aside a judgment pursuant to Rule 60(c), the moving party must show, (1) excusable neglect and (2) a meritorious defense. The fact that the defendant does not have an attorney is not in itself a sufficient showing of ex-

**458**

cusable neglect. The California court in a similar case stated:

"\* \* \* a few days prior to January 17th defendant wrote from the county jail to Judge Doyle, advising that he would be unable to appear on the 17th, and within a few days he received a reply 'advising that the matter had been placed off calendar and that in the event that it was again placed on calendar he would be served with new process'.

\* \* \* \* \* \*

"Defendant's 'understanding and impression' falls far short of the clear factual showing necessary to the successful presentation of such a motion.

\* \* \* \* \* \*

"The fact that defendant had no attorney is no "substitute for the necessary statutory showing." Kapple v. Kapple, 140 Cal.App.2d 787, 295 P.2d 932, 933, 934 (1956).

We do not feel that the defendant-husband in this case has shown undisputed evidence of excusable neglect as a matter of law.

But even assuming that he has done so we do not believe that he has indicated in addition thereto a meritorious defense to the divorce action. We have read the papers before us, we have read a purported copy of the letter defendant refers to as indicating that his wife did not want a divorce, and that she was pressured and under duress when she filed for the divorce. We cannot read into the copy of the letter in the file the meaning defendant would like to have placed upon it. A reading of the file indicates nothing supported or unsupported which would amount to and constitute a meritorious defense to the trial of the divorce itself.

The second question raised by the husband on this appeal is the failure of the court to provide a court reporter. A.R.S. § 12–223, subsec. A states:

"The court reporter shall attend court during the hearing of all matters before it unless excused by the judge. He shall make stenographic notes of all oral proceedings before the court, but unless requested by the court or counsel, he need not make stenographic notes of arguments of counsel to a jury, nor of argument of counsel to the court in the absence of a jury."

It is the contention of the husband that the failure to provide a court reporter at the hearing of 4 October 1965 without obtaining from appellant a knowing, intelligent waiver of the reporter's presence constituted a denial of due process of law in violation of the U.S. Constitution, Amendment XIV, § 1, and also constituted fundamental error that appellant may now raise for the first time on appeal. The record before us shows no demand for a court reporter and no specific order by the court excusing the reporter. Our Supreme Court in discussing the failure of the court reporter to be present during instructions to a jury in a misdemeanor trial de novo after appeal from the Justice Court stated:

"Public officers are presumed to do their duty, hence may we not safely assume that the judge had excused the reporter from attendance at this trial? Certainly the record is silent as to any request for a reporter by counsel for defendant. This as we view it amounted to a waiver of that right as the trial court would doubtless have required the reporter to be present had such a request been made or had the court on its own motion deemed his presence necessary (sic)". Oswald v. Martin, 70 Ariz. 392, 398, 222 P.2d 632, 636, (1950).

We do not feel that the rule would be different in this case.

Judgment affirmed.

DONOFRIO, J., and ROSS F. JONES, Superior Court Judge, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter Judge ROSS F. JONES was called to sit in his stead and participate in the determination of this decision.