433 P.2d 645

**CITY OF TUCSON, a municipal corporation existing under the laws of the State of Arizona, Appellant,**

v.

**ECHO RIDGE COOPERATIVE CORPORATION NO. I and Echo Ridge Cooperative Corporation No. II, Arizona corporations, Appellees.**

**No. 2 CA–CIV 438.**

Court of Appeals of Arizona.

Nov. 20, 1967.

Gordon S. Kipps, City Atty., by James D. Webb, Asst. City Atty., Tucson, for appellant.

No appearance by appellee.

KRUCKER, Judge.

This is an appeal by defendant City of Tucson from an injunction issued by Pima County Superior Court directing the City to:

"* * * take such steps as are necessary to furnish the plaintiffs in this action with water for domestic purposes at the same rates charged other consumers within the City of Tucson's corporate limits for the same purposes."

Briefly, the facts are that plaintiffs below were residents of an area annexed by defendant City in February, 1965. They instituted this action to recover damages which they alleged were sustained by reason of the City's failure to provide them with low-cost water service after they were annexed. The facts at trial showed that the majority of the domestic water users in Tucson pay lower water rates than plaintiffs who were and apparently still are served by a private water company.

Defendant contends on appeal that to follow this injunction would require legislative action by the City Council and that such a

mandatory injunction may not properly issue to force the exercise of the legislative function, as this would substitute the court's judgment for the discretion of the legislative body. Monarch Cablevision, Inc. v. City Council, 239 Cal.App.2d 206, 48 Cal. Rptr. 550 (1966). Since plaintiff has obviously contended the contrary in successfully seeking such an injunction, we find that we are presented with a debatable issue.

Appellee Echo Ridge has not favored us with a brief and this case has been submitted for decision under Rule 7(a), par. 2, Rules of the Supreme Court, 17 A.R.S. As there are debatable issues this court will assume that the failure to file an answering brief is a confession of reversible error on the part of the appellee. Nelson v. Nelson, 91 Ariz. 215, 370 P.2d 952 (1962); Barrett v. Hiney, 94 Ariz. 133, 382 P.2d 240 (1963); Siemers v. Randall, 94 Ariz. 302, 383 P.2d 753 (1963); and Tiller v. Tiller, 98 Ariz. 156, 402 P.2d 573 (1965).

Judgment reversed.

HATHAWAY, C. J., and MOLLOY, J., concur.