449 P.2d 313

Mary B. BECK, Appellant,

v.

Howard J. BECK, Appellee.

No. 1 CA–CIV 790.

Court of Appeals of Arizona.

Jan. 15, 1969.

Andrews, Marenda & Moseley, by M. B. Moseley, Phoenix, for appellant.

KRUCKER, Judge.

Plaintiff (appellant here) instituted proceedings in the Superior Court of Maricopa County to recover from defendant past sums expended by her for the support of the parties' minor children. A divorce decree was obtained on November 4, 1959, and Mary Beck, plaintiff here, although personally served, did not contest that action. That decree awarded plaintiff custody of the parties' four minor children, but there was no provision therein imposing a duty to support these children upon either plaintiff or defendant.

In December, 1963, the decree of divorce was modified, and it ordered that from January 1, 1964, defendant would be required to pay certain sums to the plaintiff for the support of the minor children. In January of 1964, plaintiff instituted this, a separate action, for the purpose of recovering sums expended by her for the support of the minor children from November of 1959 until January 1, 1964.

In this action both parties moved for summary judgment, and the trial court granted defendant's motion in December of 1967. From this judgment, plaintiff appeals.

Plaintiff filed her opening brief on March 28, 1968, and on May 13, 1968, defendant, having filed no answering brief at that time, this court ordered that defendant be given to and including June 20, 1968, to file his answering brief. This court further ordered that if no answering brief be filed as of June 20, 1968, that the matter be deemed submitted and at issue. See, Rule 7(a) 2, Rules of the Supreme Court, 17 A.R.S.

The sole question presented on this appeal is stated in plaintiff's brief as follows:

"In this jurisdiction, is a wife able to recover in a civil action against her former husband, the reasonable value of support which she has furnished to the parties' minor children whose custody was awarded to her by the divorce decree when said divorce decree failed to fix the duty to support the minor children?"

■ The failure by appellee to file an answering brief in an appeal where debatable issues are presented constitutes a confession of reversible error. Tiller v. Tiller, 98 Ariz. 156, 402 P.2d 573 (1965).

■ In this appeal, we are of the opinion that debatable issues are presented by plaintiff's opening brief, see, 69 A.L.R.2d 203, at 209–216.

Having found debatable issues and the confession of error thereon, it is the opinion of this court that the judgment of the trial court should be reversed. The cause shall be remanded, and in all further proceedings concerning this litigation the question presented by plaintiff shall be answered in the affirmative, and the propositions thus stated shall constitute the law of the case. Because of the procedural nature of this decision, the result in this court turning upon a confession of error, it is. our desire that bench and bar take note of the limited value which this case shall retain as a precedent. Our decision today is. expressly limited to a holding that debatable issues were presented and were not opposed; it may be that upon a contested appeal in which the court has the benefit of learning the views of all parties concerned, that a modified, or perhaps entirely different, result would be reached.

HATHAWAY, C. J., and MOLLOY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.