454 P.2d 1002

David H. CAMPBELL, Superintendent, Motor Vehicle Division, Arizona Highway Department, and Earl O'Clair, Director, Division of Drivers Licenses, Appellants,

v.

Leonard J. MALIK, Appellee.

No. 1 CA–CIV 960.

Court of Appeals of Arizona.

May 19, 1969.

Rehearing Denied June 12, 1969.

Review Denied July 1, 1969.

Gary K. Nelson, Atty. Gen., by Robert H. Schlosser, Asst. Atty. Gen., Phoenix, for appellants.

KRUCKER, Judge.

This appeal is from a Maricopa County Superior Court order temporarily restraining and enjoining the appellants from suspending the driving privileges of the appellee.

In May, 1968, the appellee was found guilty by the Phoenix City Court of two traffic violations and sentences were imposed. Prior thereto, during the preceding six months, he had been convicted of three moving traffic violations. These conviction records had been transmitted to the appellants and the appropriate points were assessed against appellee's driving record.[1] The records of the May convictions were likewise transmitted to the appellants.

During the requisite statutory period, the appellee perfected an appeal from both convictions to the superior court and posted bond, thereby staying the sentences. However, when the appellants received the records of convictions, the appropriate points were assessed against the appellee's driving record, and based upon the total cumulative points, an order of suspension was issued. The appellee appeared at a hearing thereon and was informed that his license would be suspended for a six-months period. He refused to surrender his license and sought relief in superior court by way of an application for a temporary restraining order. He challenged

1. See, A.R.S. § 28–1061, as amended.

the validity of the suspension order because it was predicated in part upon points assessed by reason of the convictions on appeal.

The trial court agreed with appellee's position and ruled that the appellants were precluded from suspending his driver's license until disposition of the pending appeals.

The appellants present the following question for review:

"Are the appellants precluded from assessing applicable points versus appellee's driving record upon receipt of records of convictions, even though such convictions may be appealed?"

They contend that the civil sanction of license suspension is not stayed by the prosecution of an appeal. A.R.S. § 28–446, as amended, authorizes suspension of an operator's license upon a showing by the department's records or other sufficient evidence, that the licensee:

"Has been convicted with such frequency of serious offenses against traffic regulations governing the movement of vehicles as to indicate a disrespect for traffic laws and a disregard for the safety of other persons on the highways." (Subsection A.)

A.R.S. § 28–444 defines the word "conviction" to mean a final conviction.

The pivotal question, therefore, is—when is the conviction "final"?

This question has never been resolved by the appellate courts of this State and the trial court apparently concluded that the conviction was not final until the appellee had exhausted his right to appeal. This interpretation of "finality" is supported by authority. Allen v. Texas Department of Public Safety, 411 S.W.2d 644 (Tex.Civ. App.1966); *See also*, Barbour v. Scheidt, 246 N.C. 169, 97 S.E.2d 855 (1957). Other courts, however, adopt a contrary position, i. e., the conviction is final on the date of its entry rather than on the date the time for appeal expires. People v. Reiner, 6 Ill.2d 337, 129 N.E.2d 159 (1955); State v. Berres, 270 Wis. 103, 70 N.W.2d 197 (1955).

■ The appellee has failed to file an answering brief and on appellants' motion, this appeal was ordered submitted for decision. It is well established appellate practice to treat such failure as a confession of reversible error where there are debatable issues presented. City of Tucson v. Echo Ridge Cooperative Corporation No. 1, 6 Ariz.App. 465, 433 P.2d 645 (1967); Gallatin v. State ex rel. Herman, 4 Ariz.App. 44, 417 P.2d 557 (1966); Montalvo v. Hartford Fire Insurance Co., 5 Ariz.App. 419, 427 P.2d 553 (1967).

■ Since the "finality" issue is debatable, and we find no circumstances as in Blech v. Blech, 6 Ariz.App. 131, 430 P.2d 710 (1967), to warrant consideration of the merits of this appeal, we deem reversal appropriate.[2]

Accordingly, the order appealed from is reversed.

MOLLOY and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

---

2. The limited value of a decision, predicated upon a confession of error, has previously been indicated by this court in Beck v. Beck, 9 Ariz.App. 77, 449 P.2d 313 (1969).