459 P.2d 340

In the Matter of Theodore George O'NEIL, Jr., An Infant.

Theodore George O'NEIL, Appellant,

v.

Sandra Jean AYE, Appellee.

No. 1 CA–CIV 992.

Court of Appeals of Arizona.

Division 1.

Oct. 6, 1969.

Charles C. Stidham, Phoenix, for appellant.

No appearance for appellee.

KRUCKER, Chief Judge.

This appeal[1] challenges a $5,000 judgment in favor of the appellee against the appellant, her former husband. The appellee had filed a "Motion to Forfeit Bond", and after a hearing thereon, at which oral testimony was presented, the subject judgment was entered. The court found that appellant had secured a bail bond in the sum of $5,000 from a bonding company on June 30, 1967, which he had signed as principal; that the bond was approved by Judge Donald Daughton; that it was the intent of the parties (appellant and appellee) that the sum of $5,000 should be forfeited to the appellee in the event appellant failed to return the minor child of the parties to appellee's custody after exercising his out-of-state visitation rights; that appellant had so failed; that the bonding company was not liable for any forfeiture; and that appellant, as principal, was indebted to the appellee on the bond undertaking in the sum of $5,000.

On July 21, 1967, the trial court had ordered that the visitorial rights of the appellant be as follows:

"For the year 1967—from October 18 to November 1, 1967 and from December 26, 1967 to January 1, 1968; thereafter,

the visitorial rights of the father shall be as follows: 'For the calendar month of June of each year; for the last two weeks in August of each year; and from December 26 to January 1 of each year.'"

The court further ordered that a $5,000 bond posted by appellant on June 30, 1967:

"* * * shall remain in full force and effect on condition that the child is returned to the mother on date above set."

On appeal, appellant contends that this order cannot be construed to make the bond a continuing one because of the use of the words "on date above set." He contends that the bond was not in force at the time he failed to return the minor child in July, 1968, and further, that the exoneration of the bonding company discharged him, the principal.

The appellant's opening brief was filed on March 10, 1969, and the appellee's brief, pursuant to stipulation of the parties, was due on June 19, 1969. On July 3, 1969, no appellee's brief having been filed, the case was ordered submitted for decision in accordance with Rule 7(a) 2, Rules of the Supreme Court, 17 A.R.S.

We have carefully examined appellant's brief and are of the opinion that debatable questions are raised by the appeal. No valid excuse has been presented for appellee's failure to file an answering brief to assist the court in its analysis of the problems presented. Under these circumstances, we generally assume that failure to file an answering brief is a confession of reversible error on the part of the appellee. City of Tucson v. Echo Ridge Cooperative Corp. No. 1, 6 Ariz.App. 465, 433 P.2d 645 (1967); United Bonding Insurance Company v. Thomas J. Grosso Investment, Inc., 4 Ariz.App. 285, 419 P.2d 546 (1966); Tiller v. Tiller, 98 Ariz. 156, 402 P.2d 573 (1965); State v. Sanders, 85 Ariz. 217, 335 P.2d 616 (1959). Although we have recognized exceptions to this "confession of error" rule, see, e. g., Hoffman v. Hoffman, 4 Ariz.App. 83, 417 P.2d 717 (1966); Blech v. Blech, 6 Ariz.App. 131, 430 P.2d 710 (1967); Counterman v. Counterman, 6 Ariz.App. 454, 433 P.2d 307 (1967), these cases are clearly distinguishable in that either custody of children or marital status were involved.

Judgment reversed.

HATHAWAY and HOWARD, JJ., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

---

1. We have recently reviewed the trial court's refusal to allow attorney fees to the wife, in the same proceeding, and sustained the challenged ruling. See, In re O'Neil, 9 Ariz.App. 437, 453 P.2d 533 (1969).