464 P.2d 347

James PARAG and June R. Parag, husband and wife, Appellants,

v.

Frances Bernadine Natalie WALTERS, Appellee.

No. 2 CA–CIV 746.

Court of Appeals of Arizona.

Division 2.

Feb. 4, 1970.

William Messing, Tucson, for appellants.

Russo, Cox & Dickerson, by Thomas G. Cox, Tucson, for appellee.

HATHAWAY, Judge.

Appellants have filed a brief setting forth a statement of facts and certain questions presented for review. Appellee, instead of filing an answering brief with this court, has filed a notice that no answering brief will be filed and that the matter would be submitted upon the Abstract of Record on Appeal and the appellants' opening brief. Counsel for appellee states in the notice:

> "The appellee feels that the Court, upon reading the abstract and the appellants' opening brief, will grant no relief to the appellant [sic] and for this reason does not wish to answer the appellants' opening brief."

Appellants' recitation of the facts is as follows. On December 4, 1968, the appellee filed a complaint to terminate the appellants' interest in certain real property, alleging breach of the purchase contract, and praying for a declaration of forfeiture, together with costs, expenses and attorneys' fees. On December 16, 1968, before expiration of the 20 days' answering period, the attorneys for the parties orally agreed that

the appellants would neither answer the complaint nor defend against the lawsuit provided the appellee would not request any monetary relief. Their conversation was confirmed by the following letter to appellants' counsel from counsel for appellee, which stated:

"This is to confirm our conversation we had the Courthouse concerning your clients, the Parags.

It is my understanding you [sic] clients will remove themselves from the premises located at 502 West Hardy Road, Tucson, Arizona, on or before January 1, 1969, leaving the same in a clean and orderly condition. In consideration of your clients doing this, my client agrees only to terminate their interest in the aforementioned property and obtain no money judgment. However, make it clearly understood to your clients that if they fail to remove themselves as agreed upon, then judgment will be taken for everything which my client is entitled to."

On January 9, 1969, a hearing was held on appellee's application for default judgment. Appellee's counsel testified and introduced into evidence the realty purchase contract, a copy of the letter confirming the parties' agreement, and photographs of the subject property indicating the property was not left "in a clean and orderly condition." The trial court expressly found "that the picture exhibits indicate that the premises were not left in a condition indicated by Plaintiff's Exhibit 2, being a Letter from Thomas G. Cox to William Messing dated December 18, 1968."

The trial court apparently concluded that in accordance with the parties' agreement, the appellee was entitled to the monies prayed for because of appellants' noncompliance with the agreement. Judgment was therefore entered forfeiting appellants' interest in the subject property and awarding the sum of $1,089.75 to appellee for attorneys' fees ($500), title search fee ($65.-00), expenditures by appellee to protect her interest in the contract ($484.20) and court costs ($40.55).

Appellants' counsel subsequently filed a motion to vacate the default and default judgment. The motion, supported by a copy of the letter of appellee's counsel, presented as grounds that appellee had violated the agreement. It further recited that the appellants had advised counsel that appellee had insisted they leave the premises without bothering to clean up and that their subsequent request to be allowed to clean up was refused. The motion was supported by counsel's affidavit as to the truth of the matters alleged in the motion.

The response filed by appellee's counsel, verified by him, alleged appellants' noncompliance with the agreement and opposed the setting aside of the default judgment on the grounds that no meritorious defense had been presented. After hearing argument on the motion, the trial court denied the motion as to the portion of the judgment forfeiting appellants' interest in the real property. It further ordered that the motion would be granted as to the money portion thereof unless the appellee, prior to a specified date, filed a remittitur "equal to all of the money Judgment save and except the sum of $589.75." Appellee complied with the remittitur order, an amended judgment was entered in accordance therewith, and this appeal followed.

▮ Appellants contend that violation of an agreement is ground for setting aside a default and default judgment and that the trial court, having found a violation, was required to do so. It is true that a default judgment may be vacated if entered in violation of an explicit agreement on which the defaulting party was entitled to rely. 49 C.J.S. Judgments § 334d. However, there is no absolute requirement that the entire judgment be vacated, and where parts of a judgment are severable, one part may be vacated and the other permitted to stand. 49 C.J.S. Judgments § 337k (2); 30A Am. Jur. Judgments § 726.

▮ It is well-settled that one moving to set aside a default judgment, in addition to showing good cause for failure to defend, must show the existence of a meritorious

defense. Counterman v. Counterman, 6 Ariz.App. 454, 433 P.2d 307(1967). A showing of one, without the other, is insufficient. Ibid.

 There was no attempt to set forth a meritorious defense to the forfeiture portion of the judgment, hence the trial court properly declined to set it aside.

■ As to the monetary award, there is no dispute that the letter written by appellee's counsel is a correct documentation of the parties' agreement. In other words, they agreed that appellee's waiver of a monetary recovery was conditioned on appellants' performance of certain obligations. The trial court, at the default judgment hearing, found that appellants had violated the agreement, entitling appellee to the monetary relief sought in the complaint.

■■ We find that the appellants have failed to demonstrate an abuse of discretion on the part of the trial court as to the monetary portion of the judgment. One who seeks relief must make the requisite proof of a meritorious defense by affidavit or testimony. Beltran v. Roll, 39 Ariz. 417, 7 P.2d 248 (1932); Wasserman v. Tortora, 15 Misc.2d 1000, 186 N.Y.S.2d 188 (1958). Here, however, the affidavit is that of counsel rather than that of appellants. Such affidavit was not sufficient since the attorney did not have personal knowledge of the facts. 29 Cal.Jur.2d Judgments § 140. We thus find no error in the trial court's refusal to permit appellants to litigate the question of the money award, despite the fact that it disallowed the amount requested for attorneys' fees.

The appellate courts of this state, generally speaking, when debatable issues are presented, assume that the appellee's failure to file an answering brief is a confession of reversible error. Beck v. Beck, 9 Ariz.App. 77, 449 P.2d 313 (1969); Tiller v. Tiller, 98 Ariz. 156, 402 P.2d 573 (1965). We would caution counsel to be absolutely certain as to the non-existence of debatable issues, lest the failure to file a brief operate to the client's detriment.

■ Our examination of the record, as is our duty discloses no "debatable" issue, and no abuse of discretion in the trial court's refusal to vacate the judgment. See Del Castillo v. Harbour, 8 Ariz.App. 233, 445 P.2d 181 (1968). Therefore, the order is affirmed.

HOWARD, C. J., and KRUCKER, J., concur.