464 P.2d 808

STATE of Arizona, ex rel. Kenneth G. FLICKINGER, Registrar of Contractors of the State of Arizona, Appellant,

v.

Stanley HARRIS, Appellee.

No. I CA–CIV 1021.

Court of Appeals of Arizona, Division 1.

Feb. 9, 1970.

Gary K. Nelson, Atty. Gen., by T. A. Miller, Asst. Atty. Gen., Phoenix, for appellant.

KRUCKER, Judge.

The plaintiff-appellant, The State of Arizona's Registrar of Contractors, Kenneth Flickinger, sought to enjoin defendant-appellee from acting as a contractor without a license. The trial court issued a temporary restraining order. The court then hearing the facts found for the defendant. Plaintiff appeals that determination.

The trial below was heard on a stipulated set of facts. The plaintiff is the duly appointed Registrar of Contractors. Defendant, a resident of Nevada, bought real property in Arizona upon which he and two friends are erecting structures of four dwelling units, the total to be approximately 48 four-plexes. Neither defendant nor his friends are registered contractors in Arizona. Upon completion of the construction, the units will be rented to the public.

The appeal in this case was submitted solely on plaintiff's opening brief as defendant's counsel has withdrawn. The issues raised by plaintiff are as follows:

(1) Must an owner-builder of apartments of more than three units to be rented to the public be licensed as a contractor under Arizona's law?

(2) Is the defendant within the definition of a contractor?

(3) Is Rule 39 of the Registrar of Contractors valid and applicable to defendant?

A.R.S. § 32–1101 et seq., covers the licensing, registration and regulation of contractors in Arizona. It defines contractor, for the entire chapter, as:

" * * * a person * . * * who * * * for * * * compensation * * * undertakes to * * * construct * * * any building, * * *."

However, a licensing statute, A.R.S. § 32–1121, as amended, exempts from the licensing requirement the following:

\* . \* \* \* \* \*

"4. Owners of property who build structures thereon for the occupancy of such owners and which structures are not offered for sale. In all actions brought under this chapter, proof of the sale or offer for sale by the owner-builder of three such structures, not constructed by a licensed contractor, within a period of one year after completion of such structures is prima facie evidence that the structures were undertaken and constructed for purposes of sale. In this chapter the term 'sale' includes any arrangement between two or more persons as a result of which there is an agreement to transfer property for a consideration."

\* \* \* \* \* \*

In addition, Rule 39 of the Arizona Registrar of Contractors Regulations states:

"The licensing provisions of the Act shall not apply to owners of property, building or improving structures thereon, or appurtenances thereto, *for the occupancy of such owner* and not offered for sale, provided that the building does not contain more than three dwelling units in one of which the actual owner resides. *Licensing requirements shall apply to any building intended for rent either in whole or as a series* of units unless exempted as herein provided." (Emphasis added)

Several interesting legal questions are involved in determining whether defendant here is required or exempt from obtaining a contractor's license. Is he a person who has undertaken construction *for compensation*? Does the building for *rental*, not sale, on one's own property require a license by the owner? Is Rule 39, which specifically deals with owner-builders who construct rental units, a valid construction of statutory language?

Defendant, however, has chosen to withdraw from this appeal and has filed no brief. Therefore, we believe that we must invoke the well-established authority in this State that an appellee's failure to file an answering brief where there are debatable issues constitutes a confession of reversible error. Campbell v. Malik, 9 Ariz.App. 562, 454 P.2d 1002 (1969); Beck v. Beck, 9 Ariz.App. 77, 449 P.2d 313 (1969). We do not believe any of the exceptions to the rule here apply. Hoffman v. Hoffman, 4 Ariz.App. 83, 417 P.2d 717 (1966); Blech v. Blech, 6 Ariz. App. 131, 430 P.2d 710 (1967); Carter v. State ex rel. Eyman, 5 Ariz.App. 415, 427 P.2d 549 (1967).

We further point out that because of the procedural nature of this opinion, we attach limited value to this case as precedent. We only hold that defendant confessed error and reversible error is thus found. Had the issues been adequately presented, perhaps an entirely different result would be reached. *Beck,* supra.

Judgment reversed.

HOWARD, C. J., and HATHAWAY, J., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.