464 P.2d 1006

**Joan E. LOTHMAN, Appellant,**

**v.**

**Theodore L. LOTHMAN, Appellee.**

**No. 1 CA–CIV 1075.**

Court of Appeals of Arizona, Division 1.

Feb. 18, 1970.

Rehearing Denied March 26, 1970.

**420**

Cunningham, Tiffany, Weltsch & Hurley, by Julian F. Weltsch, Phoenix, for appellant.

Edwin R. Powell, Holbrook, for appellee.

HOWARD, Chief Judge.

This is an appeal from a judgment granting the appellant-wife a divorce.

The wife's main complaint concerns the failure of the court to reimburse her for monies paid from her separate estate to protect community assets.

The appellant put up 2,000 shares of stock which was her sole and separate property as collateral for a $54,400.00 loan to the First Navajo National Bank. The loan was used to pay off previous notes which the parties had with the bank and also to purchase medical equipment and office furniture. Soon after the divorce complaint was filed the husband filed bankruptcy. In order to prevent the loss of her stock because of the failure of the husband to pay the loans, the wife borrowed the necessary funds from her father, paid off the loan and pledged the stock to her father in exchange for the loan. At the time of the trial, the court found that the husband had received a discharge in bankruptcy. The appellant does not attack this finding.

We first note that the appellee has filed no brief in this matter. We have previously held that the appellate court will treat such a failure as a confession of reversible error where there are debatable issues presented. Campbell v. Malik, 9 Ariz.App. 562, 454 P.2d 1002 (1969).

We, therefore, must decide whether or not there are any "debatable issues presented."

Concerning the $54,400.00 loan, the appellant claims that the court should have done one of two things: either have ordered the husband to reimburse her for

the amount of the loan and impress a lien against his separate property or future income or both, or, increase the alimony award in order to make up the amount that she has lost as a result of the bankruptcy. Assuming, arguendo, and without conceding that such relief could be granted to a wife in a divorce proceeding, we conclude that there is no debatable issue as to these contentions and that the court was correct since the claim of the wife for reimbursement was a provable claim in bankruptcy. 9 Am.Jur.2d Bankruptcy § 467. Being provable, the appellee was released from any legal obligation on the debt when he was discharged in bankruptcy. 11 U.S.C. § 1(15). The discharge is a bar to the enforcement of debt by legal proceedings. Kesler v. Department of Public Safety, 369 U.S. 153, 82 S.Ct. 807, 7 L.Ed.2d 641, (1962); Helms v. Holmes, 129 F.2d 263, 141 A.L.R. 1367 (4th Cir.1942); National Finance Company v. Valdez, 11 Utah 2d 339, 359 P.2d 9 (1961). The relief requested by the appellant is in reality but an attempt to enforce by legal proceedings a discharged debt by attiring it in another costume. Appellant has cited no authority to support her position and we have found none.

We do not find a reason, however, to reverse a portion of the judgment in this case. Appellant has raised the inadequacy of the award made for her attorneys' fees. We believe this raises a debatable question and under the authority of Campbell v. Malik, supra, the failure to file the appellee's brief constitutes a confession of error.

The judgment is therefore affirmed in all respects except as to the amount awarded for attorneys' fees which portion is reversed and remanded to the trial court for further proceedings consistent with this opinion.

KRUCKER and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.