473 P.2d 821

**ARIZONA TANK LINES, INC., Appellant,**

v.

**The ARIZONA CORPORATION COMMISSION, E. T. Eddie Williams, Jr., Dick Herbert and Milton J. Husky, constituting the members of said Commission, Claude Butler, dba Butler Trucking, Inc., a corporation, and M & H Trucking, Inc., Appellees.**

**No. 1 CA–CIV 1174.**

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 1, 1970.

Evans, Kitchel & Jenckes, by Earl H. Carroll, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen., by Charles S. Pierson, Asst. Atty. Gen., and Joseph P. Ralston, Ryley, Carlock & Ralston, Phoenix, for appellees, The Arizona Corporation Commission.

Jennings, Strouss, Salmon & Trask, by Nicholas Udall, Phoenix, for appellee Butler.

Yankee & Bernstein, by A. Michael Bernstein, Phoenix, for appellee, M & H Trucking, Inc.

CAMERON, Judge.

This is an appeal from a judgment of the Superior Court of Maricopa County modifying the findings and order of the Corporation Commission concerning the construction and transfer of a certificate of convenience and necessity.

The facts leading up to this appeal are as follows. In 1957, Butler Trucking received a common motor carrier certificate of convenience and necessity permitting the hauling of:

"Lumber and heavy machinery within Navajo and Apache Counties only; *materials and equipment necessarily used in the discovery, development, and production of oil wells* within Navajo and Apache Counties only, with the further special right to haul such machinery and equipment to Phoenix, Arizona for repair purposes only, said hauls not to exceed one per week." (emphasis supplied)

In 1967, Butler Trucking began an attempt to transfer the certificate to J. W. Eaves Transportation, Inc. Arizona Tank Corporation, a company already engaged in the hauling of liquids in Navajo and Apache Counties, filed a complaint before the Corporation Commission on 24 April 1967 seeking a determination (1) that the Butler certificate did not authorize the hauling of liquids in bulk, (2) that any rights that did exist to haul liquids had been lost by non-user or abandonment, (3) that any rights that did exist to haul liquids should be rescinded in the public interest, and (4) that Eaves was not a fit and proper person to receive the certificate. Eaves later transferred all his interest in the certificate back to Butler Trucking, thereby rendering moot the issue of whether he was a fit and proper person to receive the certificate.

After other procedures, including a writ of prohibition from the Superior Court of Maricopa County and a hearing and decision by the Arizona Corporation Commission, Arizona Tank, on 19 July 1967, filed a complaint in the Superior Court to set aside the order of the Commission alleging that the certificate did not authorize the hauling of liquids. This cause was consolidated with the earlier petition for a writ of prohibition filed by Arizona Tank. After a trial the Superior Court gave judgment on 18 June 1967 approving

the transfer of the certificate to Eaves and finding that no rights under the certificate had been lost by abandonment or non-user and further that the certificate allowed the hauling of liquids in bulk. Arizona Tank then filed notice of appeal from this judgment.

Arizona Tank has filed an opening brief. The Corporation Commission did not file a brief. Butler Trucking, however, assigned its interest in the certificate to another party, and neither Butler Trucking nor its assignee has filed a responding brief. Butler Trucking's counsel advised the Court that it had been instructed to not file a brief.

■ Our Supreme Court has held that when no responding brief is filed on appeal, this may be taken as a confession of error if the appellant has presented debatable issues in his opening brief. Tiller v. Tiller, 98 Ariz. 156, 402 P.2d 573 (1965), Siemers v. Randall, 94 Ariz. 302, 383 P.2d 753 (1963), Barrett v. Hiney, 94 Ariz. 133, 382 P.2d 240 (1963), Nelson v. Nelson, 91 Ariz. 215, 370 P.2d 952 (1962), State v. Sanders, 85 Ariz. 217, 335 P.2d 616 (1959). Although this Court views this as a permissive rather than a mandatory rule, Counterman v. Counterman, 6 Ariz.App. 454, 433 P.2d 307 (1967), Blech v. Blech, 6 Ariz.App. 131, 430 P.2d 710 (1967), Hoffman v. Hoffman, 4 Ariz. App. 83, 417 P.2d 717 (1966), we will normally take a failure to file an answering brief as a confession of error unless there are circumstances indicating that we should not.

Although we believe that in the present case appellant has submitted at least four debatable issues in its opening brief, we feel that under the posture of this case that only one question need be considered. That is, does the certificate authorize the hauling of liquids in bulk? Appellant contends that the court erred in admitting the record of the application of Butler for certification in order to determine the Commission's intent in granting the certificate. Its argument is that the rights authorized by the certificate must be determined solely from the language of the certificate where that language is clear and unambiguous, Coastal Tank Lines, Inc. v. Hutchinson, 144 W.Va. 715, 110 S.E.2d 735 (1959), W. S. Hatch Co. v. Public Service Comm., 3 Utah 2d 7, 277 P.2d 809 (1954), and that in the present case the language in the certificate authorizing the hauling of "materials and equipment" clearly does not include bulk liquids, which would properly be classified under the term "supplies." Smull v. Delaney, 175 Misc. 795, 25 N.Y.S.2d 387 (1941), U. S. Rubber Co. v. Washington Engineering Co., 86 Wash. 180, 149 P. 706 (1915).

■ Finding debatable issues and no reasons why we should not take the failure of the Corporation Commission and the failure of Butler Trucking or its assignees to file answering briefs as a confession of error, we reverse and hold that the certificate does not authorize the hauling of liquids in bulk. In so holding we cite the following:

"Because of the procedural nature of this decision, the result in this court turning upon a confession of error, it is our desire that bench and bar take note of the limited value which this case shall retain as a precedent. Our decision today is expressly limited to a holding that debatable issues were presented and were not opposed; it may be that upon a contested appeal in which the court has the benefit of learning the views of all parties concerned, that a modified, or perhaps entirely different, result would be reached." Beck v. Beck, 9 Ariz.App. 77, 78, 449 P.2d 313, 314 (1969).

Judgment reversed.

DONOFRIO, P. J., and STEVENS, J., concur.