473 P.2d 824

**ARIZONA CORPORATION COMMISSION and E. T. Eddie Williams, Jr., Milton J. Husky and Dick Herbert, the respective members thereof, Appellants,**

v.

**CONSTRUCTION TRUCKING SERVICE, a corporation, Appellee.**

**No. 1 CA–CIV 1042.**

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 2, 1970.

Gary K. Nelson, Atty. Gen., by George F. Senner, Jr., Yankee & Bernstein, Phoenix, for appellants.

Minne & Sorenson, by Richard Minne, Phoenix, for appellee.

CAMERON, Judge.

This is an appeal from an opinion and order of the Superior Court of Maricopa County directing that a writ of prohibition issue to the Arizona Corporation Commission restraining said Commission from revoking the certificate of convenience and necessity of Construction Trucking Service.

The facts are as follows. Associated Truckers, Inc. (Associated), filed a complaint with the Corporation Commission in February of 1968 requesting that the Commission revoke the certificate of public convenience and necessity of Construction Trucking Service (Construction). Associated alleged as grounds for revocation that Construction, an Arizona corpo-

ration, is owned and controlled by the same persons as Miles & Sons Trucking Service, a California corporation, and that Miles & Sons has committed numerous unlawful acts in California, that approximately 4,000 criminal charges have been filed against it in California, that it has been convicted on many of the charges and fined in the amount of $25,000, that it has been charged with 36 counts of felonies of conspiracy to violate the law, that it has paid about $40,000 in penalty fines for violating the California minimum wage law, that it has dealt with persons connected with organized crime, and that investigatory or disciplinary action has been undertaken against it by California authorities. Associated contended that as a result of all this, Construction is not a "fit and proper person" to hold a certificate of public convenience and necessity as required by A.R.S. § 40–607, subsec. C, and that its certificate should be revoked as allowed by A.R.S. § 40–610, subsec. C.

The Commission issued an order to show cause why Construction's certificate should not be revoked and a hearing was held before the Commission in July of 1968, with all parties repersented by counsel. After the hearing the Commission entered its decision that the evidence was insufficient to allow termination of the certificate.

Associated then filed an application for rehearing, which was granted in November of 1968.

Construction petitioned the Superior Court of Maricopa County for a writ of prohibition restraining the Corporation Commission from holding the rehearing or any further proceedings in the matter. After a hearing the Superior Court made findings of fact substantially in agreement with the allegations in Associated's complaint, including these findings:

"4. The two corporations are owned and controlled by the same stockholders.

"5. The Miles Corporation has been charged and found guilty of operating overloaded trucks upon the public highways within the State of California and has been subjected to a Judgment of Conviction on a number of charges resulting in penalty fines. Further, the Miles Corporation has been charged with the Felony of Conspiracy to Violate the Laws of California. Further, the State of California has filed civil actions for underpaid truck-driver wages under the California Minimum Wage Laws and pursuant thereto, civil penalties have been assessed against the said corporation by the Division of Highways of the State of California. The Miles Corporation has been and is under investigation for disciplinary action by the various California agencies interested in the affairs of a motor-carrier.

"6. The Miles Corporation has subcontracted with persons or organizations known or reputed to have connections with organized crime."

They further stated:

"12. Accepting as true the allegations of the conduct of the Miles Corporation in the State of California for the purpose of this proceeding, the complaint does not allege that the *Petitioner* has committed any such illegal acts in the performance of its function as a common motor-carrier in Arizona, nor does it allege that there is any immediate danger of its committing any such illegal acts. The complaint stands upon the narrow inference that the Miles Corporation, having committed alleged acts within the State of California and being owned and controlled by the same parties as the Petitioner within the State of Arizona, that ipso facto the Petitioner is not a 'fit and proper person' to be a certificated common motor-carrier in the State of Arizona.

"Neither the Respondent Commission nor the complainants have pointed out to the Court any law of the State of Ari-

zona or rule or regulation of the Respondent Commission which prohibits a certificated common motor-carrier from being owned or controlled by a person or persons who have violated the laws of a sister state with respect to a similar business operation. In the absence of a bona fide complaint that the Petitioner had in fact or imminently threatened to violate the laws of the State of Arizona or the rules and regulations governing the conduct of certificated motor-carriers within the State of Arizona, there is no basis upon which the complaint can stand. The complaint wholly failed to state a cause of action upon which the Respondent Commission would be under any circumstances authorized to revoke or suspend the Petitioner's Certificate of Convenience and Necessity."

The court ordered the writ issued, and the Corporation Commission appealed.

■ Construction failed to file an answering brief in this appeal. Our Supreme Court has held that this may be taken as a confession of error where the opening brief has presented issues that are at least debatable. Tiller v. Tiller, 98 Ariz. 156, 402 P.2d 573 (1965); Siemers v. Randall, 94 Ariz. 302, 383 P.2d 753 (1963); Barrett v. Hiney, 94 Ariz. 133, 382 P.2d 240 (1963); Nelson v. Nelson, 91 Ariz. 215, 370 P.2d 952 (1962); State v. Sanders, 85 Ariz. 217, 335 P.2d 616 (1959). And this Court has held that this is a permissive rather than a mandatory rule. Counterman v. Counterman, 6 Ariz.App. 454, 433 P.2d 307 (1967); Blech v. Blech, 6 Ariz.App. 131, 430 P.2d 710 (1967); Hoffman v. Hoffman, 4 Ariz.App. 83, 417 P.2d 717 (1966).

■ In the present case a debatable issue has been presented, namely, whether the facts proven allow the Commission to lawfully revoke Construction's certificate. A.R.S. § 40-610, subsec. C states:

"The commission may at any time for good cause suspend a certificate or permit, and, upon not less than five days notice to the grantee of a certificate or permit, and after opportunity to be heard, may revoke or amend a certificate or permit."

■ The question then becomes, what constitutes "good cause" under the statute. A.R.S. § 40-607, subsec. C, dealing with the issuance of certificates, says that the Commission need *issue* the certificate only if it finds the applicant to be a "fit and proper person." This obviously allows the Commission to examine all factors and to exercise some discretion in the issuance of certificates. It is at least debatable that this discretion carries over into the field of *revocation* of certificates. See, for example, Arizona Corporation Commission v. Tucson Insurance & Bonding Agency, 3 Ariz.App. 458, 415 P.2d 472 (1966). The Commission should be able to look beyond the corporate entity to the controlling forces of the business when determining who is a "fit and proper person," and what is "good cause." It does not seem unreasonable to this Court to suggest that those who may have used the corporate form to break repeatedly the laws of other states are not "fit and proper persons" to operate a common motor carrier business in Arizona, whether incorporated or not.

Therefore, it is the opinion of this Court that debatable issues having been presented by the Commission in its opening brief, Construction's failure to file an answering brief is a confession of error. But see Beck v. Beck, 9 Ariz.App. 77, 449 P.2d 313 (1969).

Judgment reversed.

DONOFRIO, P. J., and STEVENS, J., concur.