720 P.2d 85

**DANCING SUNSHINES LOUNGE,
Petitioner Employer,**

**State Compensation Fund,
Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION OF
ARIZONA, Respondent,**

**Shelley R. Johns, Respondent
Employee.**

No. 1 CA–IC 3224.

Court of Appeals of Arizona,
Division 1, Department A.

July 11, 1985.

Robert K. Park, Chief Counsel, State Compensation Fund by Robert T. Wilson, Phoenix, for petitioner Employer and petitioner Carrier.

Dennis P. Kavanaugh, Chief Counsel, Indus. Com'n, Phoenix, for respondent.

Christopher J. Philips, Phoenix, for respondent Employee.

OPINION

GREER, Judge.

Where the respondent in a special action review of an Industrial Commission award fails to file an answering brief, and this court, in its discretion, treats the failure as a confession of reversible error, does the rule of law implicitly decided then become the law of the case? We answer the question in the affirmative, and set aside the award.

The facts necessary to our determination are as follows: On March 25, 1981, the respondent (claimant) injured her knee while working as a dancer at the Dancing Sunshines Lounge (petitioner). A claim for compensation was denied by the insurance carrier, and a hearing was timely requested. The primary issue at that hearing was whether the claimant was an employee of the petitioner, or an independent contractor. On May 28, 1982, the administrative law judge issued an award finding the claimant to be an employee. The petition-

ers subsequently sought review to this court.

On November 15, 1983, we set aside the award. (*Dancing Sunshines Lounge v. Industrial Commission*, 1 CA–IC 2868, Memorandum Decision [November 15, 1983]). Specifically, we noted that no answering brief had been filed in the matter, and applied the rule that—where a debatable issue is involved—a reviewing court may elect to treat the lack of an answering brief as a confession of error. Our decision did not directly address the merits of the issue presented, which was whether the administrative law judge correctly found the claimant to be an employee.

The matter then returned to the Industrial Commission for a hearing de novo. Prior to the hearing, the parties stipulated that all evidence previously submitted would be admissible at the new hearing. The only additional evidence presented was testimony by two individuals who had also worked as dancers for the petitioner.

On April 10, 1984, the administrative law judge ruled that the court of appeals' reversal did not constitute the law of the case on the issue of whether the claimant was an employee. He also found that the additional testimony received was merely cumulative and corroborative of the testimony introduced at the first hearing, and noted that "In the event it is decided that the concept of 'law of the case' does apply to this matter, then the applicant's claim should be dismissed." He concluded again that the claimant was an employee, and entitled to compensation.

■ We now review this matter for the second time. The critical question is whether the "law of the case" doctrine should apply where this court has reversed for failure to file an answering brief. In *Employer's Mutual Liability Insurance Co. of Wisconsin v. Industrial Commission*, 115 Ariz. 439, 565 P.2d 1300 (App. 1977), we defined the "law of the case" doctrine as "a principle that if an appellate court has ruled upon a legal question and remanded for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case." 115 Ariz. at 441. Implicit in the proposition is the fact that the rule of law would bind the lower court prior to the subsequent appeal. This rule, however, must be tailored to fit the peculiar appellate framework of the Industrial Commission. In Commission appeals, our review is limited to affirming or setting aside the award, and where the award is set aside, the matter is returned to the Commission for a hearing de novo. *King v. Alabam's Freight Co.*, 40 Ariz. 363, 12 P.2d 294 (1932). Accordingly, the "law of the case" doctrine will only apply to Industrial Commission matters if an appellate ruling is made and the administrative law judge, at the hearing de novo, is presented with facts "substantially identical" to those presented at the original hearing. *Employer's Mutual Liability Insurance Co. of Wisconsin, supra*, 115 Ariz. at 442, 565 P.2d 1300.

In the present case, our initial inquiry is whether a reversal based upon a failure to file an answering brief constitutes a "ruling upon a legal question." Petitioners rely heavily upon our earlier decision in *Beck v. Beck*, 9 Ariz.App. 77, 449 P.2d 313 (1969), as support for their argument that the reversal should constitute the law of the case. In *Beck*, another case where no answering brief was filed, we noted the long standing rule that the failure to file an answering brief in an appeal where debatable issues are presented may constitute a confession of reversible error. We held:

> Having found debatable issues and the confession of error thereon, it is the opinion of this court that the judgment of the trial court should be reversed. The cause shall be remanded, and in all further proceedings concerning this litigation the question presented by plaintiff shall be answered in the affirmative, and the propositions thus stated shall constitute the law of the case.

9 Ariz.App. at 78, 449 P.2d 313.

The claimant responds to this argument by arguing that we have no power to remand Industrial Commission cases. She

contends that *Beck,* a civil case in which the cause was remanded with specific directions, is simply not applicable to an Industrial Commission proceeding. She further asserts that the earlier reversal was not a ruling upon the merits.

■ Claimant is correct in stating that, in Industrial Commission cases, a remand with directions is beyond our authority. This fact, however, does not render *Beck* wholly inapplicable to the present case. Rather, it illustrates that a reversal due to a failure to file an answering brief may, in the proper circumstances, become the law of the case as to the issue presented. In Industrial Commission cases, the "proper circumstances" are those situations where substantially identical facts are presented at the hearing de novo. As to the contention that the reversal was not a ruling upon the merits, we think it important to note that the doctrine of "confession of reversible error" is discretionary with the appellate court. *Bugh v. Bugh,* 125 Ariz. 190, 608 P.2d 329 (App.1980). In *Bugh,* we affirmed the lower court decision, the lack of an answering brief notwithstanding. It is this very discretion that implies a consideration of the merits where the cause is reversed. One commentator has defined the "law of the case" doctrine to include not only those issues explicitly decided, but those decided "by necessary inference from the disposition ..." 1B Moore's Federal Practice, § .404 at 120 n. 15 (1983). Where, in the court's discretion, a cause is reversed for failure to file an answering brief, unless the appellate court includes language specifically indicating otherwise, the clear inference is that the reversal constitutes a ruling upon the merits. We hold, therefore, that where an award is set aside because of the failure to file an answering brief, the proposition implicitly ruled upon may become the law of the case.

As stated above, the doctrine of "law of the case" will only bind the Commission if the evidence presented at the hearing de novo is substantially identical to that heard at the original hearing. In the present case, the administrative law judge specifically found that the additional testimony was merely cumulative or corroborative of that evidence presented at the first hearing. Neither of the parties on appeal dispute this finding. Since the evidence presented was therefore "substantially identical," application of the doctrine of "law of the case" was appropriate. Thus, our reversal of the earlier award constituted a finding that the respondent was not an employee but was actually an independent contractor. Since no additional evidence was presented at the second hearing, the conclusion was then binding upon the administrative law judge.

Accordingly, the award must be set aside.

BROOKS, P.J., and JACOBSON, J., concur.