720 P.2d 81

**DANCING SUNSHINES LOUNGE,**
**Petitioner Employer,**

**State Compensation Fund,**
**Petitioner Carrier,**

v.

**INDUSTRIAL COMMISSION OF**
**ARIZONA, Respondent,**

**Shelley R. Johns, Respondent**
**Employee.**

**No. 18412–PR.**

Supreme Court of Arizona,
In Banc.

June 4, 1986.

Reconsideration Denied July 8, 1986.

Robert K. Park, Chief Counsel State Compensation Fund by Robert Wilson, Phoenix, for petitioners.

Dennis P. Kavanaugh, Chief Counsel Indus. Com'n, Phoenix, for respondent.

Christopher Philips, and Ronald Meitz, Phoenix, for respondent Johns.

CAMERON, Justice.

This is a petition for review of an opinion of the court of appeals setting aside an award made to Shelley Johns (claimant) by the Industrial Commission of Arizona. *Dancing Sunshines Lounge et. al. v. Industrial Commission*, 149 Ariz. 484, 720 P.2d 85 (App.1985). We have jurisdiction pursuant to art. 6 § 5(3) of the Arizona Constitution, A.R.S. § 12–120.24 and Rule 23, Ariz.R.Civ.App.P., 17A A.R.S.

The issues presented on review are:
1. Does the doctrine of the "law of the case" apply to memorandum decisions of the court of appeals in Industrial Commission matters?
2. If so, may an appellate decision based on confession of error, for failure to file an answering brief, constitute law of the case?

The facts follow. On 23 February 1981, Shelley Johns auditioned to be a dancer at the Dancing Sunshines Lounge. The next day, she began working for tips only—no salary. According to testimony, there was a work schedule posted for the dancers who worked for tips only, as well as a required "uniform". Further, there was an unwritten rule that dancers were to split their tips with the Lounge's salaried bartenders.

On 25 March 1981, claimant injured her knee when she slipped on some beer while dancing. She filed a workers' compensa-

tion claim which was denied. At claimant's request, a hearing was held before the Industrial Commission.

On 28 May 1982, the administrative law judge made a finding that the claimant was an employee of the Dancing Sunshines Lounge and entered an award in her favor. Dancing Sunshines Lounge and its carrier, the State Compensation Fund, filed a petition for special action—Industrial Commission in the court of appeals.

Despite three extensions of time, no answering brief was filed in the court of appeals. On 15 November 1983, the court of appeals filed the following memorandum decision in its entirety:

Petitioners bring this Special Action-Industrial Commission review from the May 28, 1982 award finding that Shelley R. Johns was an employee of the petitioner employer on March 25, 1981, the date she sustained an injury to her left knee arising out of and in the course of her employment as a dancer. The award granted the employee temporary benefits.

The issue raised by petitioners is whether the evidence supports the award. In our opinion, the opening brief raises a debatable issue. Respondents did not timely file an answering brief. In such circumstances, where a debatable issue is involved, we may elect to treat the lack of a brief as a confession of error. *See, Bugh v. Bugh*, 125 Ariz. 190, 608 P.2d 329 ( [App.] 1980).

The award is set aside.

Subsequently, at a trial *de novo* before the administrative law judge, the parties stipulated that all previously submitted evidence was admitted. The only new evidence was the testimony of two other dancers from the lounge. The State Compensation Fund argued that by confessing error in the court of appeals claimant had admitted to being an independent contractor and that this determination was now law of the case. The administrative law judge again entered an award for the claimant, finding that the court of appeals "did not decide or rule upon anything, but simply set aside

the Commission award for failure ... to file an answering brief." The administrative law judge continued, however, stating:

the testimony of the additional witnesses on the hearing de novo herein did not present any facts different from what was presented at the first hearing and is merely cumulative and corroborative of the testimony introduced at the first hearing; in the event ... that the concept of "law of the case" does apply to this matter, then the applicant's claim should be dismissed.

(citations omitted).

Upon review, the court of appeals in a written opinion determined that their prior memorandum decision was the law of the case and again set aside the award. We granted the claimant's petition for review.

### DOES LAW OF THE CASE APPLY TO MEMORANDUM DECISIONS IN INDUSTRIAL COMMISSION CASES?

■ The term "law of the case" refers to a legal doctrine providing that the decision of a court in a case is the law of that case on the issues decided throughout all subsequent proceedings in both the trial and appellate courts, provided the facts, issues and evidence are substantially the same as those upon which the first decision rested. *Ziegler v. Superior Court*, 134 Ariz. 390, 393, 656 P.2d 1251, 1254 (App.1982). This principle has been applied to Industrial Commission matters. *Employers Mutual Liability Insurance Co. of Wisconsin v. Industrial Commission*, 115 Ariz. 439, 441, 565 P.2d 1300, 1302 (App.1977). The doctrine has, however, only limited application in Industrial Commission cases. This is so because in Arizona when an award of the Commission is set aside it is also vacated as though it had never been entered. The hearing on remand then is a *de novo* hearing. As our court of appeals has noted:

The doctrine [law of the case] must be given very limited application to factual determinations in Workmen's Compensation cases, in order not to do violence to the *de novo* hearing requirement, where

an award is vacated by an appellate court.

\* \* \* \* \* \*

If on remand, no additional testimony is taken and reliance is had on past testimony or a readmission of the same testimony, then our prior disposition governs as the law of the case. Since we cannot remand for limited issues, it is true that the parties are at liberty to re-litigate *all* issues, but here again, the law of the case rules as to any issue upon which the same evidence, with no additional testimony, is introduced.

*Montgomery Ward & Co., Inc. v. Industrial Commission*, 27 Ariz.App. 765, 770, 558 P.2d 960, 965 (1976) (emphasis in original). We agree. We hold that the law of the case applies to workers' compensation cases as long as its application does not violate the requirement of a trial *de novo* upon the setting aside of an award. *Id.*

■ Claimant argues, however, that a memorandum decision, which has no precedential value, is legally insufficient to constitute the law of the case. We do not agree. As to the parties involved in the decision and upon remand or subsequent proceedings in the same case, a memorandum decision constitutes the law of the case as does a full opinion. Rule 111(c), Rules of the Supreme Court, 17A A.R.S.; Rule 28(c), Ariz.R.Civ.App.Proc. 17A A.R.S.. *Magma Copper Company v. Industrial Commission*, 115 Ariz. 551, 554, 566 P.2d 699, 702 (App.1977).

### IS A DECISION BASED UPON A CONFESSION OF ERROR LAW OF THE CASE?

■ The doctrine of the "law of the case" is generally held to be a rule of policy and not one of law. 5 Am.Jur.2d *Appeal and Error* § 744 (1962). Further, this court has recognized that the doctrine of law of the case is a harsh rule and that it should not be strictly applied when it would result in a manifestly unjust decision. *Sibley v. Jeffreys*, 81 Ariz. 272, 276, 305 P.2d 427, 429 (1956). Because of the

potential harshness of this doctrine, many exceptions to its application have arisen. For example, the "law of the case" is not applied when 1) there has been a change in the essential facts or issues; 2) there has been a substantial change of evidence; 3) there has been an error in the first appellate decision so as to render it manifestly erroneous or unjust; 4) there has been a change in the applicable law; 5) the issue was not actually decided in the first decision or the decision is ambiguous; and 6) the doctrine is inapplicable if the prior appellate decision was not on the merits. 5 Am.Jur.2d *Appeal and Error* §§ 748–752 (1962).

■ We believe this case falls squarely into the last exception. The court of appeals, in its memorandum decision, treated claimant's failure to file an answering brief as confession of error, citing *Bugh v. Bugh*, 125 Ariz. 190, 608 P.2d 329 (App. 1980), and set aside the award. In its opinion of 11 July 1985, the court of appeals stated:

> As to the contention that the reversal was not a ruling upon the merits, we think it important to note that the doctrine of "confession of reversible error" is discretionary with the appellate court. *Bugh v. Bugh*, 125 Ariz. 190, 608 P.2d 329 (App.1980). In *Bugh*, we affirmed the lower court decision, the lack of an answering brief notwithstanding. It is this very discretion that implies a consideration of the merits where the cause is reversed.

149 Ariz. at 486, 720 P.2d at 87. We do not agree. The court of appeals in *Bugh, supra*, ignored the confession of error based upon failure to file an answering brief and decided the case on the merits. As such, it was the law of the case. In the instant matter, the memorandum decision of the court of appeals was on its face not a determination on the merits, and such cannot be implied merely because the court could have considered the matter on the merits had the court wished to do so. *See Bugh, supra; Gonzales v. Gonzales*, 134 Ariz. 437, 657 P.2d 425 (App.1982). It was, thus, not the law of the case on the issue of whether claimant was an independent contractor. The administrative law judge was correct in holding that it was not the law of the case on any issues in the trial *de novo* before the Industrial Commission. *See In Re Monaghan's Estate*, 71 Ariz. 334, 227 P.2d 227 (1951); 5 Am.Jur.2d *Appeal and Error* § 754 (1962). The award and decision of the administrative law judge is thereby affirmed.

The opinion of the court of appeals is vacated. The award is affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.