IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

KARL and FABIANA STAUFFER, *Plaintiffs/Appellants*,

*v.*

PREMIER SERVICE MORTGAGE, LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 15-0026
FILED 9-20-2016

---

Appeal from the Superior Court in Maricopa County
No. CV2011-005567
The Honorable Katherine Cooper, Judge

**AFFIRMED**

---

COUNSEL

Ronald Warnicke PLC, Phoenix
By Ronald E. Warnicke
*Co-Counsel for Plaintiffs/Appellants*

Warnicke Law PLC, Phoenix
By Robert C. Warnicke
*Co-Counsel for Plaintiffs/Appellants*

Snell & Wilmer L.L.P., Tucson
By Andrew M. Jacobs, Robert A. Bernheim
*Counsel for Defendant/Appellee U.S. Bank National Association*

Wright, Finlay & Zak, LLP, Phoenix
By Kim R. Lepore, Jamin S. Neil
*Counsel for Defendants/Appellees First American Title Insurance Company and First American Servicing Trustee Solutions, LLC*

---

## OPINION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

---

**W I N T H R O P**, Judge:

**¶1**　　Karl Stauffer and Fabiana Stauffer (the "Stauffers") appeal the trial court's order granting a Rule 12(b)(6) motion to dismiss their complaint for failure to state a claim.　For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**　　In 2005, the Stauffers executed a promissory note secured by a deed of trust on their residential property (the "Property") in Scottsdale, Arizona.　The deed of trust listed Premier Service Mortgage, LLC ("Premier") as the lender; Stewart Title and Trust of Phoenix, Inc. ("Stewart Title") as the trustee; and Mortgage Electronic Registration Systems, Inc. ("MERS") as "acting solely as a nominee for Lender" and as "the beneficiary under this Security Instrument."　On the same day, Premier executed an Endorsement Allonge to the promissory note, endorsing the note to Ohio Savings Bank.

**¶3**　　The Stauffers defaulted on the note.　In September and October of 2010, First American Title Insurance Company ("First American Title") recorded three documents—Notice of Trustee Sale, Notice of Substitution of Trustee, and Assignment of Deed of Trust (collectively "Recorded Documents")—with the Maricopa County Recorder.　The Recorded Documents gave notice that First American intended to hold a trustee's sale of the Property under the terms specified in the deed of trust, and that, as the named beneficiary under the deed of trust, MERS had

appointed First American as a substitute trustee, and assigned the note and the deed of trust to U.S. Bank National Association ("U.S. Bank").[1]

¶4            In 2011, the Stauffers filed a complaint against First American Title and First American Trustee Servicing Solutions, LLC (collectively "First American"), Premier, and U.S. Bank.  In the complaint, the Stauffers alleged all defendants, except Premier, caused the recording of the Recorded Documents, and that those documents contained false statements.  The Stauffers claimed that the recording violated Arizona Revised Statutes ("A.R.S.") § 33-420,[2] which prohibits any person from recording false or fraudulent documents that assert an interest in, or a lien or encumbrance against, real property.  The Stauffers also sought an order quieting title in the Property.

¶5            U.S. Bank and First American moved to dismiss, arguing that the complaint failed to state a claim upon which relief could be granted.  In granting that motion, the court found that (1) the Recorded Documents did not constitute documents that asserted an interest in, or a lien or encumbrance against, real property, as required under A.R.S. § 33-420(A); (2) the Stauffers could not clear title under § 33-420(B) because that subsection can be used only when false or fraudulent liens have been recorded, which the Stauffers had not alleged; and (3) the Stauffers lacked standing to seek to clear title because they were neither owners nor beneficial title holders under § 33-420(B).  The Stauffers appealed, and in *Stauffer v. US Bank Nat'l Ass'n*, 233 Ariz. 22, 26–29, ¶¶ 15, 19, 22, 27, 308 P.3d 1173, 1177–80 (App. 2013), this court reversed the trial court, holding that the Recorded Documents did assert an interest in the Property, that the Stauffers thus could seek to clear title under § 33-420(B), and the Stauffers had standing to clear title as owners of the Property.

¶6            While this case was on remand to the superior court, this court issued another opinion, *Sitton v. Deutsche Bank Nat'l Trust Co.*, 233 Ariz. 215, 311 P.3d 237 (App. 2013), where it held certain misstatements in three recorded documents (notice of trustee's sale, notice of substitution of trustee, and assignment of note and deed of trust)—similar to the Recorded Documents here—did not constitute material misstatements.  *Id.* at 222, ¶ 34, 311 P.3d at 244.  Relying on *Sitton*, U.S. Bank again moved to dismiss

---

[1]      The trustee's sale was cancelled after the Stauffers filed the present complaint.

[2]      Absent material revisions since the relevant date, we cite a statute's current version.

under Rule 12(b)(6) for failure to state a claim. First American joined the motion with an additional argument that the case should be dismissed as to First American as the trustee of the deed of trust under A.R.S. § 33-807(E); the Stauffers did not timely respond to First American's motion. The trial court granted both motions, and entered under Rule 54(b) a final judgment of dismissing all claims against U.S. Bank and First American.

¶7        The Stauffers timely appealed;[3] we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

### ANALYSIS

*I.        U.S. Bank*

¶8        The Stauffers argue the trial court erred in granting U.S. Bank's motion to dismiss under Rule 12(b)(6) as they have alleged sufficient facts in the complaint to support the materiality of the misstatements in the Recorded Documents, and this second Rule 12(b)(6) motion is barred by Rule 12(g) and the law of the case doctrine. We disagree.

*A.        Material Misstatement*

¶9        We review *de novo* a trial court's ruling on a Rule 12(b)(6) motion. *Coleman v. City of Mesa*, 230 Ariz. 352, 355–56, ¶ 7, 284 P.3d 863, 866–67 (2012). A Rule 12(b)(6) motion to dismiss should be granted if the complaint fails to state a claim upon which relief can be granted. Ariz. R. Civ. P. 12(b)(6). In considering the motion, "the court must assume the truth of all of the complaint's material allegations, accord the plaintiffs the benefit of all inferences [that] the complaint can reasonably support, and deny the motion unless certain that plaintiffs can prove no set of facts [that] will entitle them to relief upon their stated claims." *Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 508, 744 P.2d 29, 35 (App. 1987). The court, however, does not "accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts." *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4, 121 P.3d 1256, 1259 (App. 2005).

¶10        The facts alleged in the complaint do not support the legal conclusion that the misstatements in the Recorded Documents are material;

---

[3]        Premier is not party to this appeal as it did not file or join the motion to dismiss.

accordingly, the Stauffers have failed to state a claim upon which relief can be granted under A.R.S. § 33-420.  That statute provides:

> A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a *material* misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney[s'] fees and costs of the action.

A.R.S. § 33-420(A) (emphasis added).

¶11        The Stauffers alleged that the falsities in the Recorded Documents are:  1) MERS purported to be the nominee of Premier, but Premier had no interest in the note as it had endorsed the note to Ohio Savings Bank; 2) the Notice of Trustee Sale, where First American acted as the trustee, was executed by First American before it had been substituted for Stewart Title as the trustee; 3) the signature of one signor appeared different in the Statement of Breach from that contained in the Notice of Substitution; the Stauffers alleged that those signatures could have been forged; and 4) the Recorded Documents did not indicate the relationship between the signor of a document and the entity the signor appeared to represent, in violation of A.R.S. §§ 33-505 and -506.

¶12        The alleged "falsities" are relatively minor inconsistencies in identifying the assignment dates and assignor's identity; they are not material misstatements.  For a misstatement to be material, "a reasonable person 'would attach importance to its existence or nonexistence in determining [his or her] choice of action in the transaction in question.'" *Sitton*, 233 Ariz. at 221, ¶ 31, 311 P.3d at 243 (alteration in original) (quoting *Caruthers v. Underhill*, 230 Ariz. 513, 521, ¶ 28, 287 P.3d 807, 815 (App. 2012)); *accord* Restatement (Second) of Torts § 538 (Am. Law Inst. 1977).  Like the Recorded Documents here, the documents in *Sitton* erred in reciting the assignment dates and the identity of the assignor.  *Id.* at 221, ¶ 32, 311 P.3d at 243.  Those misstatements were deemed not material to the borrowers because the borrowers' obligations or possible available actions remained the same:  to repay the loan according to the terms of the note, to try to renegotiate the terms of the note, or to default and accept foreclosure.  *Id.* at 222, ¶ 33, 311 P.3d at 244.  Similarly, the Recorded Documents here do not

affect the legal obligations or choice of actions for the Stauffers. Although the Recorded Documents here contain inconsistencies in the identity of the assignor and the dates of the assignment, the Stauffers' options as borrowers remain the same: to pay the monthly installments, to renegotiate the terms of the note, or to otherwise face foreclosure.

**¶13**     The Stauffers alleged in the complaint that the misstatements were material because their credit had suffered and would continue to suffer from the trustee's sale, and they might have to pay the accelerated amount of a junior loan secured with the Property or otherwise file for bankruptcy as the loan secured with the junior lien would be accelerated and become unsecured. The latter assertions regarding the junior lien are moot because the lien has been released and the Stauffers have filed for bankruptcy protection. Moreover, the Stauffers do not dispute they are in default on the note, and their default and any notice concerning the same would likely impair their creditworthiness. Similarly, their credit would also be adversely affected by a notice of trustee's sale, regardless of the identities of the trustee or beneficiary. In short, the trial court properly granted U.S. Bank's Rule 12(b)(6) motion to dismiss.[4]

---

[4]     In their response to the second motion to dismiss and on appeal, the Stauffers argue that, despite Arizona's anti-deficiency statutes, a misstatement concerning a beneficiary's identity could be material. *See Sitton*, 233 Ariz. at 222 n.6, ¶ 33, 311 P.3d at 244 n.6 (stating that a trustor may, in reliance on the anti-deficiency statutes, decide not to contest a trustee's sale in favor of a putative beneficiary, where such decision absolves the trustor of any liability in a sale for the true beneficiary, but may leave the trustor still liable to the true beneficiary in a sale for any other entity). We do not consider this purported material misstatement as it was not alleged in the complaint. Even assuming it was timely alleged, on this record, the Stauffers did not allege or provide any facts showing U.S. Bank was not the true beneficiary. In contrast, in *Steinberger v. McVey*, 234 Ariz. 125, 318 P.3d 419 (App. 2014), the plaintiffs alleged a *prima facie*, good faith challenge to the foreclosing beneficiary's chain of title. Moreover, even assuming it was properly alleged, such a misstatement would not be material to the Stauffers. The anti-deficiency statutes preclude deficiency judgments against the Stauffers after a trustee's sale, and the Stauffers would not thereafter be liable to the true beneficiary even if the sale is in favor of the wrong beneficiary. *See* A.R.S. § 33-814(G) (precluding actions that seek deficiency); *Hogan v. Wash. Mut. Bank, N.A.*, 230 Ariz. 584, 587, ¶ 11, 277 P.3d 781, 784 (2012) (denying a homeowner's request to require

### B.    *Rule 12(g)*

**¶14**        The Stauffers argue the provisions of Rule 12(g) bar another Rule 12(b)(6) motion after a Rule 12(b)(6) motion has already been filed and ruled on.  We disagree.  Although Rule 12(g) precludes some defenses or objections not raised in the first motion responding to a complaint, it does not on this record preclude a subsequent Rule 12(b)(6) motion.  *See* Ariz. R. Civ. P. 12(g) & (h)(2).

### C.    *Law of the Case*

**¶15**        The Stauffers further argue the trial court erred in granting U.S. Bank's motion also because the law of the case doctrine precludes the trial court from finding the complaint has failed to state a claim.  The Stauffers' reliance on this doctrine is misplaced.  The law of the case doctrine "refers to a legal doctrine providing that the decision of a court in a case is the law of that case on the issues decided throughout all subsequent proceedings in both the trial and appellate courts, provided the facts, issues and evidence are substantially the same as those upon which the first decision rested."  *Dancing Sunshines Lounge v. Indus. Comm'n*, 149 Ariz. 480, 482, 720 P.2d 81, 83 (1986).  However, if the issue was not resolved in the first ruling, or if the applicable law has changed, the doctrine does not apply.  *Id.* at 482–83, 720 P.2d at 83–84; *see Zimmerman v. Shakman*, 204 Ariz. 231, 236, ¶ 15, 62 P.3d 976, 981 (App. 2003) (stating the law of the case doctrine does not prevent a judge from reconsidering nonfinal rulings).

**¶16**        Here, the materiality issue was never decided in the earlier ruling or in this court's decision in *Stauffer*.  The holding in *Stauffer*—that the Recorded Documents assert an interest in the Property, that the Stauffers could file an action to quiet title, and that they had standing to file the action as the owner of the Property—does not have any bearing on the materiality issue.  *Id.* at 26–29, ¶¶ 15, 19, 22, 27, 308 P.3d at 1177–80.  Further, in *Sitton*, this court for the first time interpreted the term "material" in A.R.S. § 33-420.  Simply stated, the law of the case doctrine does not apply here.

---

the beneficiary to "show the note" for fear of further collection efforts by the original noteholder, reasoning the anti-deficiency statutes protect against such occurrence by precluding deficiency judgments against debtors whose foreclosed residential property consists of 2.5 acres or less).

*II.*    *First American*

**¶17**    In addition to joining U.S. Bank's motion to dismiss, First American argued below that the Stauffers had waived their objections to its motion by failing to timely respond, and also that the Stauffers failed to state a claim because claims against a trustee that are not for breach of trustee's obligations must be dismissed under A.R.S. § 33-807(E).  Because we find the trial court did not err in granting U.S. Bank's motion, we need not address these alternative arguments.

*III.*    *Attorneys' Fees and Costs*

**¶18**    The Stauffers are not entitled to any award of attorneys' fees or costs because they did not prevail on appeal.  In our discretion, we deny First American's request for attorneys' fees.  First American and U.S. Bank, however, are awarded their costs on appeal, subject to compliance with ARCAP 21.

## CONCLUSION

**¶19**    The trial court's judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA