NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

COLA DAVID ALLEN and LISA ALLEN,
*Plaintiffs/Appellants*,

v.

WELLS FARGO BANK, N.A., as Trustee in trust for the
registered holders of Park Place Securities, Inc.
asset-backed pass-through certificates, series 2004-wcw2,
*Defendant/Appellee*.

No. 1 CA-CV 16-0717
FILED 1-18-2018

---

Appeal from the Superior Court in Yavapai County
No. V1300CV201480329
The Honorable Jeffrey G. Paupore, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Cola Allen, Lisa Allen, Littleton, Colorado
*Plaintiffs/Appellants*

Wright, Finlay & Zak, LLP, Scottsdale
By Kim R. Lepore, Jamin S. Neil
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

---

**C R U Z**, Judge:

¶1        Appellants Cola David Allen and Lisa Allen appeal from the superior court's grant of summary judgment in favor of Wells Fargo, N.A. ("Wells Fargo") and dismissal of their fraud claim with prejudice. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In July 2004, Cola executed a promissory note ("Note") secured by a deed of trust ("Deed of Trust") on property located in Cottonwood, Arizona (collectively, the "Loan"). Both Appellants executed the Deed of Trust, which identified Argent Mortgage ("Argent") as the beneficiary and Town and Country Title Services, Inc., as trustee. The Deed of Trust provided, "The Note or a partial interest in the Note (together with this [Deed of Trust]), can be sold one or more times without prior notice to Borrower." The Note contained similar language.

¶3        Nearly seven years later, Argent assigned the beneficial interest under the Deed of Trust to Wells Fargo, recording the document effecting the assignment ("Assignment") in May 2011. Over the next several years, Wells Fargo substituted trustees twice, first appointing Recontrust Company, N.A., in May 2011 via its attorney-in-fact BAC Home Loan Servicing, LP, then appointing Quality Loan Service Corporation in March 2014 via its attorney-in-fact, Select Portfolio Servicing, Inc. ("SPS"). Notices of both substitutions were recorded ("SOT 1" and "SOT 2," respectively). While Recontrust Company, N.A., was trustee, it recorded notice of a trustee's sale scheduled for August 2011 ("NOTS 1"), but the sale was later cancelled.[1] Once Quality Loan Service became trustee in March 2014, it recorded notice of another trustee's sale, scheduled for July 2014 ("NOTS 2").

---

[1]      Notice of the cancellation was recorded November 7, 2013.

¶4 In September 2014, Cola Allen brought an action for damages under Arizona Revised Statutes ("A.R.S.") section 33-420, alleging in part that the Assignment, SOT 2, and NOTS 2 were forged, groundless, or contained false claims,[2] and that Wells Fargo had recorded them or caused them to be recorded in violation of A.R.S. § 33-420(A). Cola also alleged one count of fraud against "Argent and/or Current Note Holder" and one count of negligence *per se* against Wells Fargo. Wells Fargo moved to dismiss the complaint, arguing Cola had failed to join a party, Lisa Allen, under Arizona Rule of Civil Procedure ("Rule")[3] 19(a) and to state a claim upon which relief could be granted. Wells Fargo also requested the court take judicial notice of the Assignment, SOT 1, NOTS 1, SOT 2, NOTS 2 (collectively, the "Recorded Documents"), Deed of Trust, and cancellation of the sale noticed by NOTS 1. In opposition to Wells Fargo's motion, Cola stated his fraud claim was not directed at Wells Fargo.

¶5 The superior court converted Wells Fargo's motion to dismiss to a motion for summary judgment and dismissed Cola's fraud count against Wells Fargo with prejudice. With respect to the remaining counts, the court ordered Wells Fargo to file an answer and, if appropriate, a subsequent motion for summary judgment. Cola moved to amend his complaint, and the court granted his motion.

¶6 The amended complaint added Lisa as a plaintiff, realleged the A.R.S. § 33-420 and negligence *per se* claims against Wells Fargo, and

---

[2] Cola alleged in part that "Argent had no authority to transfer the Note or assign the Deed of Trust when the Assignment was executed," and accordingly that no valid transfer of the Note or valid assignment of the Deed of Trust to Wells Fargo occurred. With regards to Wells Fargo, he argued that because no valid transfer of the Note or valid assignment of the Deed of Trust to Wells Fargo occurred, Wells Fargo lacked authority to: (1) substitute a trustee under the Deed of Trust when SOT 2 was executed; and (2) invoke the power of sale when NOTS 2 was executed.

[3] The Rules underwent significant revisions effective January 1, 2017. Ariz. R. Civ. P., prefatory cmt. to the 2017 amendments. Unless otherwise noted, we cite the Rules in effect at the time of this dispute.

added two additional A.R.S. § 33-420 claims regarding SOT 1 and NOTS 1.[4] Wells Fargo answered and denied all claims, then moved for summary judgment, arguing in part that Appellants had failed to show the Recorded Documents were material to them or that Wells Fargo knew the Recorded Documents were false or forged when they were recorded. It again requested the court take judicial notice of the Recorded Documents, Deed of Trust, and the cancellation of the trustee's sale noticed by NOTS 1, and it supported its motion with an affidavit by an SPS document control officer ("Affidavit 1"). The officer, *inter alia*, denied Wells Fargo had knowledge that the Note or beneficial interest in the Deed of Trust were fraudulent or forged when it received them, stated Wells Fargo believed the Note was properly transferred, and denied that any information contained within SOT 1, NOTS 1, SOT 2, or NOTS 2 was false.

¶7            In response, Appellants objected that Affidavit 1 lacked foundation and that, accordingly, Wells Fargo had failed to support its argument that it lacked knowledge with competent evidence. They also argued in part that A.R.S. § 33-420 does not require a plaintiff who alleges the recording of forged, groundless, or otherwise invalid documents to prove the falsities are material, and that pursuant to *Sitton v. Deutsche Bank Nat'l Trust Co.*, 233 Ariz. 215 (App. 2013), at least some misrepresentations could be material to borrowers like Appellants.

¶8            In reply, Wells Fargo provided a supplemental statement of facts, a copy of the Note, and a supplemental affidavit by another SPS document control officer ("Affidavit 2"). The officer again asserted Wells Fargo's lack of knowledge and belief that the Note and beneficial interest in the Deed of Trust were properly transferred. He additionally averred Wells Fargo received the Note endorsed in blank in September 2004. Appellants did not, at any point, request time to conduct formal discovery or otherwise obtain additional evidence to support their opposition to Wells Fargo's motion. *See* Rule 56(f) (allowing court to grant relief "[i]f a party opposing summary judgment files a request for relief and expedited hearing . . . along

---

[4]        The additional A.R.S. § 33-420 claims alleged that because no valid transfer of the Note or valid assignment of the Deed of Trust to Wells Fargo had occurred, Wells Fargo lacked authority to: (1) substitute a trustee under the Deed of Trust when SOT 1 and SOT 2 were executed; and (2) invoke the power of sale when NOTS 1 and NOTS 2 were executed.

with a supporting affidavit showing that, for specified reasons, it cannot present evidence essential to justify its opposition").[5]

**¶9** In its ruling, the superior court took judicial notice of Wells Fargo's documents. It concluded no foreclosure had occurred and, finding the facts similar to those of *Sitton*, 233 Ariz. 215, concluded there was no genuine dispute as to any material fact and granted summary judgment in favor of Wells Fargo. *See Orme Sch. v. Reeves*, 166 Ariz. 301, 305 (1990).

**¶10** Appellants moved for a new trial. *See* Rule 59(a)(6), (8). In relevant part, Appellants argued: (1) the court had erroneously interpreted A.R.S. § 33-420(A) to require materiality for documents that were forged, groundless, or otherwise invalid; (2) Wells Fargo failed to rebut Appellants' assertions that misstatements or false claims in the Recorded Documents were material to them; (3) Wells Fargo's reply improperly included new documents and evidence; and (4) Affidavit 2 lacked foundation and was inadmissible hearsay. The superior court denied the motion, and Appellants timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A).

## DISCUSSION

**¶11** Appellants assert the superior court erred by dismissing the original fraud claim against Wells Fargo with prejudice and by entering summary judgment in favor of Wells Fargo on the claims in the amended complaint.

I. Dismissal with Prejudice

**¶12** Appellants argue the superior court erred in dismissing the fraud claim against Wells Fargo with prejudice because that claim did not name Wells Fargo as a defendant and the claim was not adjudicated on the merits.

**¶13** We review *de novo* a dismissal for failure to state a claim, but we confine our review to the pleading itself, assuming the truth of all well-pleaded factual allegations, and indulging all reasonable inferences from those facts. *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶¶ 7, 9 (2012).

**¶14** "Dismissal is appropriate under Rule 12(b)(6) only if as a matter of law [] plaintiffs would not be entitled to relief under any

---

[5] Pursuant to the 2017 revisions to the Rules, Rule 56(f) is now Rule 56(d).

interpretation of the facts susceptible of proof." *Id.* at 356, ¶ 8 (internal quotations and citation omitted).

**¶15**        Although the superior court appears in its ruling to have relied on Cola's statement that he did not allege fraud against Wells Fargo, we affirm the dismissal because, in reality, the issue is moot: any such claim now would be time-barred. *See Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 5 (App. 2012) (explaining an issue is moot "when our action as a reviewing court will have no effect on the parties"). Actions for relief on the grounds of fraud must "be commenced and prosecuted within three years after the cause of action accrues . . . ." A.R.S. § 12-543(3). The "cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." *Id.*

**¶16**        Here, Cola alleged in his complaint that he did not discover the fraud until approximately September 15, 2011, because he did not receive a copy of the uniform loan application he allegedly signed until shortly before that date. Section 12-543's three-year statutory period therefore ended in September 2014, and any fraud claim Appellants might bring against Wells Fargo arising from the origination of the Loan is time-barred.

## II.    Summary Judgment

**¶17**        We review the grant of summary judgment *de novo*, viewing the evidence and reasonable inferences in the light most favorable to the party opposing the motion. *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 201 Ariz. 474, 482, ¶ 13 (2002). We review questions of law *de novo*. *Valley Nat'l Bank of Ariz. v. Kohlhase*, 182 Ariz. 436, 438 (App. 1995). "We are bound to affirm if the superior court was correct in its ruling for any reason." *Peterson v. Newton*, 232 Ariz. 593, 595, ¶ 4 (App. 2013) (internal quotations and citation omitted).

**¶18**        "Summary judgment is appropriate only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Ariz. Laborers, Teamsters & Cement Masons*, 201 Ariz. at 482, ¶ 14. The party moving for summary judgment must persuade the court the non-moving party could not establish its *prima facie* case at trial. *See Sitton*, 233 Ariz. at 219, ¶ 20. To defeat a motion for summary judgment, "the non-moving party must call the court's attention to evidence overlooked or ignored by the moving party or must explain why the motion should otherwise be denied." *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 119, ¶ 26 (App. 2008). If the non-moving party is unable to present evidence essential to justify its opposition, it may request a continuance. *See* Rule

56(f); *Grand v. Nacchio*, 214 Ariz. 9, 28-29, ¶ 69 (App. 2006). Evidence that creates only a "scintilla" of doubt is insufficient to withstand a motion for summary judgment. *Orme Sch.*, 166 Ariz. at 309. We will not find the court abused its discretion in granting summary judgment without permitting further discovery if the non-moving party fails to ask for a continuance pursuant to Rule 56(f). *See Grand*, 214 Ariz. at 29, ¶ 73; *Maricopa County v. Kinko's Inc.*, 203 Ariz. 496, 501, ¶ 19 (App. 2002) ("We apply an abuse of discretion standard of review to a denial of relief under Rule 56(f).").

A.      Section 33-420 Claims

**¶19**          Appellants argue the superior court erred by granting summary judgment on their A.R.S. § 33-420(A) claims because: (1) in reliance on *Sitton*, the court granted summary judgment without "look[ing] beyond the bare facts of a note secured by a deed of trust and an alleged default" before granting summary judgment; (2) Wells Fargo did not meet its burden of production; and (3) the ruling was not supported by Arizona law. We disagree.

**¶20**          Section 33-420(A) provides:

> A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a *material* misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

A.R.S. § 33-420(A) (emphasis added). "A misrepresentation is material if a reasonable person would attach importance to its existence or nonexistence in determining [his or her] choice of action in the transaction in question," or, in other words, "if [a person] could reasonably rely on it." *Sitton*, 233 Ariz. at 221, ¶ 31 (internal quotations and citations omitted). Appellants bear the burden of proof on their A.R.S. § 33-420(A) claim. *See Stauffer v. Premier Serv. Mortg., LLC*, 240 Ariz. 575, 578, ¶ 10 (App. 2016).

**¶21**          Appellants first argue the superior court erred by relying on *Sitton* because *Sitton* was factually distinguishable from this case. Appellants argue *Sitton* is distinguishable because in this case, Lisa did not sign the Note and the action was filed after the first non-judicial sale. These

facts, however, are irrelevant to the analysis of the elements of a claim under A.R.S. § 33-420(A).  As in *Sitton*, Appellants alleged the entity purporting to be the beneficiary of the Deed of Trust was not the true beneficiary and that the person signing the Assignment lacked the requisite authority.

**¶22**    Appellants argue the Recorded Documents were false and groundless because Wells Fargo was not a beneficiary under the Deed of Trust and lacked the authority to foreclose.  Appellants' argument fails, however, because although "[a] misrepresentation concerning a beneficiary's identity could be material to a trustor in some circumstances," *Sitton*, 233 Ariz. at 222 n.6, ¶ 33, Appellants did not provide any evidence to support their contention that Wells Fargo was not the true beneficiary.[6]

**¶23**    Furthermore, although Appellants argue they were not in default, any misstatements regarding the beneficiary's identity would not be material to Appellants because "[t]he anti-deficiency statutes preclude deficiency judgments against [a trustor] after a trustee's sale, and the [trustor] would not thereafter be liable to the true beneficiary even if the sale is in favor of the wrong beneficiary." *Stauffer*, 240 Ariz. at 579 n.4, ¶ 13 (citing A.R.S. § 33-814(G) and *Hogan v. Wash. Mut. Bank, N.A.*, 230 Ariz. 584,

---

[6]    A beneficiary is "[s]omeone who is initially entitled to enforce a promise, whether that person is the promisee or a third party." *Beneficiary*, Black's Law Dictionary (10th ed. 2014).  As Wells Fargo noted in its reply in support of its motion for summary judgment, pursuant to A.R.S. § 47-3301, the "'[p]erson entitled to enforce' an instrument" is "the holder of the instrument."  The "holder" is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[,]" A.R.S. § 47-1201(B)(21)(a), and "[a] person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." A.R.S. § 47-3301.  Evidence presented by both Appellants and Wells Fargo indicate Wells Fargo came into possession of the Note in September 2004, therefore Wells Fargo was entitled to enforce the Deed of Trust pursuant to A.R.S. §§ 47-3301 and 44-1201(B)(21)(a).

587, ¶ 11 (2012)). Because the property was sold in a 2016 trustee's sale,[7] Appellants' argument is moot.[8]

**¶24**         Finally, Appellants argue Wells Fargo failed to meet its burden of production because it did not demonstrate that Appellants had no evidence to support their A.R.S. § 33-420 claims, specifically rebut any of Appellants' evidence and testimony, or specifically address any of Appellants' materiality arguments. We disagree.

**¶25**         When the burden of proof on the claim or defense at trial rests on the non-moving party, the moving party does not need to present evidence disproving the non-moving party's claim or defense to meet its burden of production. *Thruston*, 218 Ariz. at 117, ¶ 22. It need only "point out by specific reference to the relevant discovery that no evidence exist[s] to support an essential element of the [non-moving party's] claim or defense." *Id.* (internal quotations omitted). Here, Wells Fargo successfully argued that Appellants had failed to prove their *prima facie* case with regards to the purported falsity of the Assignment, therefore Wells Fargo successfully carried its burden of production.

      B.    Negligence *Per Se*

**¶26**         Appellants argue the superior court erred by granting summary judgment on their negligence *per se* claim because Wells Fargo's defense that it lacked knowledge was unsupported by competent testimony or evidence.

**¶27**         Section 39-161 provides:

> A person who acknowledges, certifies, notarizes, procures or offers to be filed, registered or recorded in a public office in this state an instrument he *knows to be false or forged*, which, if genuine, could be filed, registered or recorded under any law

---

[7]     We may take judicial notice of recorded documents. *See* Ariz. R. Evid. 201.

[8]     Appellants also argue the Assignment was material to them because misstatements and false claims in the Assignment were instrumental in their decision to bring note defenses against Wells Fargo, including "fraud in the inducement." However, because we conclude Appellants failed to offer evidence to support their contention that the Assignment was false, materiality is irrelevant to our analysis.

of this state or the United States, or in compliance with established procedure is guilty of a class 6 felony.

A.R.S. § 39-161.

¶28 In its motion for summary judgment, Wells Fargo asserted in part that Appellants had not and could not establish that Wells Fargo had knowledge any of the Recorded Documents were false or forged. It argued it was not involved in the origination of the Loan and it could not have had and did not have knowledge that any of the Recorded Documents were false or forged because it believed Argent had the authority to transfer the Note and assign its beneficial interest in the Deed of Trust. Wells Fargo supported these statements with Affidavit 1, in which an SPS document control officer averred that, based on SPS' business documents and his own knowledge of how those records were kept and maintained, Wells Fargo lacked knowledge that either the Note or beneficial interest in the Deed of Trust were purportedly fraudulent or forged, or that any information contained within the SOT 1, NOTS 1, SOT 2, and NOTS 2 was false.

¶29 We disagree with Appellants' assertion that Affidavits 1 and 2 lacked foundation because their affiants failed to attach a power of attorney despite claiming to be employed by SPS as Wells Fargo's attorney-in-fact. The affiants made general avowals that they were document control officers employed by SPS as attorney-in-fact for Wells Fargo; that the affiants had access to SPS' business records in that capacity, including those relating to the Loan; and had made their affidavits based on their review of those records and their own knowledge of how the records were kept and maintained. Ariz. R. Evid. 602, 803(6), 902(11). These statements under oath were consistent with and supportive of the allegation in Wells Fargo's answer that SPS was the attorney-in-fact for Wells Fargo. Rule 56(e) requires no further foundation.

¶30 To rebut Wells Fargo's contention that it lacked knowledge, Appellants submitted a declaration from Cola and letters that Appellants alleged proved Wells Fargo had knowledge the Recorded Documents were false. However, these documents do not support Appellants' argument that Wells Fargo knew or should have known the Recorded Documents were false or forged because they do not show whether or when the letters were sent or received. Although Cola claims he sent Wells Fargo a letter in April 2013 notifying Wells Fargo "there were serious issues with the Assignment, SOT 1, and NOTS 1 which warranted investigation," and that Wells Fargo subsequently acknowledged the letter's receipt in a May 2013 letter, neither letter contains a stamp or other marking to indicate when it was mailed or received. Further, although the letter from Wells Fargo

10

confirms Wells Fargo "received and reviewed [his] recent correspondence," nothing in the letter indicates that this letter was, in fact, sent in response to the letter Cola claims to have sent. The subsequent letter Cola maintains he sent to Wells Fargo, ostensibly notifying it of the fraud, contains a certified mail number, but Appellants provide no receipt or other evidence showing Wells Fargo ever received it.

¶31 Showing knowledge of falsity or forgery was Appellants' burden. Because Appellants failed to "call the court's attention to evidence overlooked or ignored by the moving party or . . . explain why the motion should otherwise be denied," *Thruston*, 218 Ariz. at 119, ¶ 26, and did not ask to continue the proceedings to conduct further investigation or discovery pursuant to Rule 56(f), *see Grand*, 214 Ariz. at 30, ¶ 73, we conclude the court did not err in granting summary judgment to Wells Fargo on Appellants' negligence *per se* claim.

## CONCLUSION

¶32 For the foregoing reasons, we affirm the superior court's grant of summary judgment and dismissal with prejudice of Appellants' fraud claim against Wells Fargo.

