NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LAW OFFICE OF WILLIAM R. HOBSON PC, *Plaintiff/Appellant*,

*v.*

ANGELLEE CHEN, *Defendant/Appellee*.

No. 1 CA-CV 20-0223
FILED 12-22-2020

Appeal from the Superior Court in Maricopa County
No. CV2016-091045
The Honorable Janice K. Crawford, Judge

**REVERSED**

COUNSEL

Stanley R. Lerner, P.C., Phoenix
By Stanley R. Lerner
*Counsel for Plaintiff/Appellant*

Angellee Chen, Oakland, CA
*Defendant/Appellee*

**MEMORANDUM DECISION**

Acting Presiding Judge David B. Gass delivered the decision of the Court, in which Judge Michael J. Brown and Judge Lawrence F. Winthrop joined.

**G A S S**, Judge:

¶1        The Law Office of William R. Hobson, P.C. (Hobson), appeals the superior court's order dismissing its complaint for failure to state a claim. Because some interpretations of the complaint entitle Hobson to relief, we reverse.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Angellee Chen retained an attorney to sue Maricopa County, her former employer. Chen then changed attorneys, retaining Hobson. Hobson proposed a hybrid contingency fee agreement to Chen. Under the proposed arrangement, Chen would pay an hourly rate that was fifty percent lower than Hobson's usual hourly rate and a reduced contingency fee if she prevailed. Chen never signed the proposed agreement.

¶3        The proposed hybrid contingency fee agreement provided Hobson's "hourly rates will be . . . $350.00/hour" for senior attorneys. The proposed agreement did not specify if $350.00 per hour was Hobson's regular hourly rate or the proposed reduced rate. Hobson sent two interim invoices to Chen, charging $350.00 per hour for work completed to date, which she paid. Hobson did not send any invoices after the first two, believing Chen did not have the money to pay them.

¶4        Though Hobson sent no further invoices to Chen, it continued representing her until it successfully opposed the County's summary judgment motion and induced a proposed settlement. At that point, Chen fired Hobson and re-retained her first attorney. Soon after, Chen and the County settled. Hobson and Chen could not reach an agreement on outstanding fees owed for Hobson's services.

¶5        Hobson filed a one-count complaint seeking to recover in *quantum meruit* the attorney fees it alleges Chen should have paid. Hobson and Chen filed a series of pretrial motions. Most relevant here is Chen's third motion to dismiss, which argued Hobson could not recover its fees as a matter of law under any theory. The superior court initially denied the motion. Chen moved for reconsideration, which the superior court also denied. The superior court later reconsidered—*sua sponte*—Chen's motions and dismissed Hobson's complaint for failure to state a claim.

¶6        Hobson timely appealed. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12-120.21.A.1.

**ANALYSIS**

**¶7** This court reviews *de novo* a dismissal for failure to state a claim. *Levine v. Haralson, Miller, Pitt, Feldman & McAnally, P.L.C.*, 244 Ariz. 234, 237, ¶ 7 (App. 2018). When reviewing a motion to dismiss, this court must "assume the truth of all of the complaint's material allegations." *Stauffer v. Premier Serv. Mortg.*, LLC, 240 Ariz. 575, 577, ¶ 9 (App. 2016) (quotation omitted). This court will not affirm such a dismissal unless the plaintiff would not, as a matter of law, be entitled to relief under any interpretation of the facts susceptible of proof. *Id.* (quotation omitted).

**¶8** Under the Arizona Rules of Professional Conduct, a contingency fee agreement must be in writing and signed by the client. Ariz. R. Super. Ct. 42, ER 1.5(c). In *Levine*—as here—an attorney sought to recover in *quantum meruit* for legal services provided before the client changed counsel. *Id.* at 236, ¶¶ 2–3. The attorney admitted he had no written contingency fee agreement, instead claiming he had an oral agreement for a portion of the contingency fees upon success of the client's suit. *Id.* at ¶ 5. The *Levine* panel recognized unwritten, and therefore unsigned, contingency fee agreements contravene public policy and preclude recovery of such fees in *quantum meruit*. *Id.* at 238, ¶ 13.

**¶9** Hobson argues *Levine* does not control because Hobson does not seek to recover fees under its proposed hybrid contingency fee agreement, as Chen did not sign that agreement. Rather, Hobson argues it is seeking to recover the reasonable value of the services it provided—the remaining balance under a $350.00 hourly rate. Longstanding precedent establishes an attorney may claim fees from a client in *quantum meruit* if "the amount of compensation claimed is not fixed by an agreement between the parties." *Schwartz v. Schwerin*, 85 Ariz. 242, 245 (1959). Accordingly, if there was no operative agreement between Hobson and Chen, Hobson would be allowed to recover the reasonable value of the legal services it provided.

**¶10** This court may consider a document attached to the complaint when evaluating a motion to dismiss for failure to state a claim. *See* Ariz. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Exhibit 1 to the complaint is a copy of the proposed hybrid fee agreement. It states the hourly portion of Hobson's fees will be "calculated at the reduced hourly rate of 50% of the hourly rate of each attorney" working on the matter, which the agreement said was $350.00 per hour for senior attorneys.

**¶11** Admittedly, the proposed hybrid contingency fee agreement does not make it clear whether the $350.00 represents the discounted rate (from $700.00) or whether the $350.00 represents the standard rate to be discounted (to $175.00). Exhibit 6 to the complaint—which contains an email William Hobson sent to Chen's rehired counsel when the fee issue arose—adds to the ambiguity by arguably conflicting with the complaint's allegations. In the email, William Hobson said he only realized Chen had not signed the proposed hybrid contingency fee agreement when Chen's rehired counsel asked to see the signed copy.

**¶12** The above discussion establishes why, at the motion-to-dismiss stage, the superior court could not reasonably resolve whether Hobson was seeking to recover fees under the unsigned contingency fee agreement. *See Levine*, 244 Ariz. at 239, ¶ 19. If we take Hobson's well-pled allegations as true, some allegations conflict with information in the documents attached to the complaint, creating fact issues. Some interpretations of the complaint's allegations would allow Hobson to recover its fees. The superior court, therefore, erred when it granted Chen's motion to dismiss for failure to state a claim. *See Schwartz*, 85 Ariz. at 245; *Levine*, 244 Ariz. at 238, ¶ 13.

**CONCLUSION**

**¶13** The superior court's dismissal of Hobson's complaint is reversed. We grant Hobson's request for costs incurred in this appeal under ARCAP 21 and A.R.S. § 12-341. We decline to award attorney fees at this stage, but the superior court may consider any requests for fees on remand, including fees incurred in this appeal, pending the outcome of this litigation. *See Eans-Snoderly v. Snoderly*, 249 Ariz. 552, 559, ¶ 27 (App. 2020).

