NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

STATE OF ARIZONA, ex rel., DEPARMENT OF ECONOMIC SECURITY
(DAWN MARIE BARROSO), *Petitioners/Appellees*,

*v.*

SHANE STEVENS, *Respondent/Appellant.*

No. 1 CA-CV 22-0002 FC
FILED 10-20-2022

Appeal from the Superior Court in Maricopa County
No. FC2012-051832
The Honorable Michelle Carson, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Petitioner/Appellee Department of Economic Security*

Shane Stevens, Phoenix
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

**¶1**         Shane Stevens-El ("Father") appeals the superior court's order denying his motion to vacate a "void" child support judgment. For the following reasons, we decline to revisit the issues and affirm the superior court's ruling.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         A full factual history is set forth in this court's earlier decision, *Stevens-El v. Ariz. Dep't of Econ. Sec.*, 1 CA-CV 21-0307, 2022 WL 599115, at *1, ¶ 2–4 (Ariz. App. Mar. 1, 2022) (mem. decision). There, Father challenged a 2020 income withholding order issued by the Arizona Department of Economic Security ("ADES") to satisfy a 2013 child support order. *Id.* at *1, ¶¶ 4–5. To challenge the withholding order, Father argued the child support order was void for improper service and because it was issued by a court commissioner, instead of a judge. *Id.* at *2, ¶¶ 8, 11. Father also argued he had no contractual duty to pay child support. *Id.* at *3, ¶ 12. In March 2022, this court affirmed the withholding order and rejected all of Father's arguments, holding the support order is not void. *Id.* at *2–3, ¶¶ 10–12.

**¶3**         In his opening brief, Father argues the superior court neglected to rule on his "Demand To Vacate A Void Judgment," filed May 14, 2020. And to "compel action," Father filed a motion to vacate the support order as void in September 2021, raising the same arguments this court considered in his first appeal—lack of personal jurisdiction based on insufficient service of process, no court commissioner authority, and no contractual duty to support a child. The superior court denied Father's motion to vacate in November 2021, and Father appealed. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and 12-2102(A)(1).

## DISCUSSION

**¶4**      The State argues issue preclusion applies because Father litigated his issues and this court rendered a decision. Under issue preclusion, a second suit arising from the same cause of action is barred if the decision involves the same parties and a judgment on the merits. *See Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573 (1986). But Father's motion to vacate the "void" 2013 child support order arises from the same suit challenging the income withholding and support enforcement orders; it does not create a second suit. *See Stevens-El*, 1 CA-CV 21-0307, at *1, ¶ 6. In other words, the issues Father raises here are identical to those raised in his first appeal. *Id.* at *2–3, ¶ 8, 11–12.

**¶5**      In this situation, the law of the case doctrine applies. *See Kadish v. Ariz. State Land Dep't*, 177 Ariz. 322, 327 (App. 1993) ("'Law of the case' concerns the practice of refusing to reopen questions previously decided in the same case by the same court."). The court's decision in a case is the law of that case throughout all subsequent proceedings, "provided the facts, issues and evidence are substantially the same as those upon which the first decision rested." *Dancing Sunshines Lounge v. Indus. Comm'n*, 149 Ariz. 480, 482 (1986).

**¶6**      The law of the case doctrine does not apply if there has been a substantial change in the facts, issues, or evidence; the first appellate decision is erroneous or unjust; the applicable law has changed; the issue was not actually decided; the decision is ambiguous; or the prior decision was not on the merits. *Id.* at 483. Father has not shown that any of these exceptions apply to his appeal.

## CONCLUSION

**¶7**      The court's March 2022 decision is the law of the case for this decision. We affirm.

